**Darrell S. CONNORS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6530.**

Court of Appeals of Alaska.

Oct. 8, 1982.

John Hagey, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Connors entered a plea to criminally negligent homicide in violation of AS 11.41.-130(a). Briefly, he drove a car while intoxicated and was involved in a single car accident. His seven-month old son, a passenger, died from injuries suffered as a result. Criminally negligent homicide is a class C felony. AS 12.55.125(e) provides a maximum penalty of five years and presumptive sentences of two and three years for, respectively, second and third offenders. Connors, a first felony offender, received a sentence of three years with two years suspended. He appeals, contending that the trial court erroneously relied upon our decision in *State v. Lupro,* 630 P.2d 18 (Alaska App. 1981), and effectively sentenced Connors as if he had been convicted of manslaughter, a class A felony. Connors alternatively contends that a sentence of three years with two years suspended is excessive, given his good record, his sincere remorse at the death of his son, and the burden that his incarceration would place on his surviving family.

We have carefully reviewed the record and have concluded that Connors was not sentenced as if he had been convicted of manslaughter. The trial judge carefully considered the *Chaney* criteria, *see State v. Chaney,* 477 P.2d 441 (Alaska 1970). The court did not mention *Lupro* in that discussion. It is true that at an earlier time the trial court specifically requested that a probation officer review the *Lupro* decision in preparing his recommendation, but we find no impropriety in this action. *Lupro,* while a negligent homicide case under former AS 11.15.080, also involved a defendant who drove a vehicle while intoxicated resulting in the death of his victim. Consequently, *Lupro* and other former AS 11.15.080 negligent homicide cases where the defendant was driving while intoxicated were relevant, though not controlling, in determining an appropriate sentence in this case.

Finally, we do not consider the sentence imposed excessive. Drunken driving is extremely dangerous and presents a tremendous risk to the driving public. It is necessary that trial judges sentencing those convicted of driving offenses where intoxication plays a part give serious consideration to deterrence, both of the individual and of others, and to the affirmation of community norms. *Rosendahl v. State,* 591 P.2d 538, 540 (Alaska 1979); *Godwin v. State,* 554 P.2d 453, 455 (Alaska 1976). Given the facts of this case we do not believe a sentence of one-year to serve is excessive. *See Huckaby v. State,* 632 P.2d 975 (Alaska App. 1981); *State v. Lupro,* 630 P.2d at 20–21.

The sentence of the superior court is AFFIRMED.