**Marion SEARS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6692.**

Court of Appeals of Alaska.

Oct. 22, 1982.

Roger Brunner, Rice, Hoppner, Brown and Brunner, Fairbanks, for appellant.

Bill D. Murphree, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

On June 20, 1981, Marion Sears drove an automobile across the center line of the highway at 3.2 mile Badger Road, near Fairbanks. Sears' car ran head-on into a

---

car driven by Darryl L. Claxton. Sears and her passenger, Marcia Carey, were injured as a result of the accident. Claxton was killed.

Sears was charged with manslaughter, AS 11.41.120(a)(1). After a jury trial on this charge ended with a hung jury, Sears pled no contest to a charge of criminally negligent homicide, AS 11.41.130.[1] Judge Jay Hodges sentenced Sears to five years with three years suspended. In addition, Judge Hodges ordered Sears to pay restitution for Claxton's funeral expenses and other material losses caused by the accident. Sears' driver's license was suspended for three years, starting upon her release from custody.

At the time of sentencing Sears was 22 years old and had no prior criminal record. The evidence showed that at the time of the accident Sears had been drinking but was not intoxicated. The major cause of the accident appears to have been that Sears was operating the vehicle carelessly, because she had been out all night with friends and had not had enough sleep.

Criminally negligent homicide is a class C felony with a maximum sentence of five years. AS 12.55.125(e). The presumptive sentence for a second felony offender under this statute is two years. AS 12.55.-125(e)(1). In *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), we stated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." While we recognize that the instant case involves a serious offense, the legislature has classified this crime as a class C felony. Had Sears been a second felony offender, there do not appear to be any aggravating factors which would have justified the sentencing court in imposing a sentence exceeding two years. AS 12.55.-155(c). Nor do there appear to be any extraordinary circumstances which would have justified the trial judge in referring a second offender to a three judge panel for sentencing because of aggravating factors which were not listed in AS 12.55.155(c). AS 12.55.165. It therefore appears that had Sears been a second offender, her sentence would have been limited to two years. The two-year second offender sentence should set a limit on Sears' sentence as a first offender. Consequently, we find that the sentence of five years with three years suspended is clearly mistaken. We remand the case to the trial court with directions to impose a sentence not to exceed two years imprisonment.[2] We do not disapprove of any of the other terms of the sentence imposed.

REVERSED and REMANDED for further sentencing proceedings.

1. AS 11.41.130 provides:
   *Criminally negligent homicide.* (a) A person commits the crime of criminally negligent homicide if, with criminal negligence, he causes the death of another person.
   (b) Criminally negligent homicide is a class C felony.

2. In the similar case of *Connors v. State,* 652 P.2d 110 (Alaska App.1982) we approved a sentence of three years with two years suspended. Since that sentence involved actual time to serve of one year, we considered it to be a sentence less than the two-year presumptive sentence for a second felony offender on a class C felony. We do not believe the facts of the instant case justify suspended time in addition to the two-year sentence of imprisonment, unless a portion of the two-year sentence is suspended.