John WINSLOW, Appellant,

v.

STATE of Alaska, Appellee.

No. A–103.

Court of Appeals of Alaska.

Aug. 17, 1984.

---

Jonathon A. Katcher, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Michael N. White, Dist. Atty., Palmer, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J. and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

John Winslow was originally charged with assault in the third degree, former AS 11.41.230, manslaughter, former AS 11.41.-120, and failure to render aid, AS 28.35.-050(a) and AS 28.35.060(c). He pled no contest to the charge of failure to render aid, and the charges of assault and manslaughter were dismissed. Superior Court Judge Beverly W. Cutler sentenced Winslow to ten years' imprisonment with five years suspended. Winslow appeals, contending that this sentence is excessive. We affirm.

Shortly after midnight on June 26, 1982, Patricia Bennett was hitchhiking on the Parks Highway in the Wasilla area; she was intoxicated and was apparently staggering badly. Winslow, who was also intoxicated, struck Bennett with his automobile as he drove along the highway. Winslow failed to stop and render aid at the scene of the accident, and he failed to report the incident. Bennett's body was discovered in a ditch next to the highway several days later. An autopsy revealed that she had died due to loss of blood from internal injuries. The physician who performed the autopsy concluded that she might have survived had she received immediate emergency care. Police investigation later established that Bennett had been hit by Winslow's automobile, and Winslow was thereafter charged.

At the time of sentencing, Winslow was twenty-five years of age. He had served in the United States Army, received an honorable discharge, and maintained a fairly steady record of employment after being discharged. Winslow had never previously been convicted of a crime, but he had received three speeding citations in the fifteen months preceding the offense.

On appeal, Winslow maintains that his sentence of ten years with five years suspended is excessive in light of his favorable background and his lack of prior convictions. Winslow notes that although failure to render aid is punishable by a maximum term of ten years' imprisonment and is thus the equivalent of a class B felony, the sentence he received approximates a typical first offense sentence for manslaughter, which is a class A felony punishable by a maximum term of twenty years. He asserts that, since failure to render aid is a less serious offense than manslaughter, he should have received a lower sentence.

Winslow advanced the same argument at his sentencing hearing, and Judge Cutler expressly rejected it. Specifically, Judge Cutler found that Winslow's offense was aggravated because it involved a fatal injury and because Winslow might have prevented his victim's death if he had stopped to render aid. Furthermore, the judge noted that Winslow either knew or should have known that the victim might not receive prompt medical assistance unless he stopped to render aid, since the accident occurred at night in a rural area and it involved a pedestrian rather than another vehicle. Finally, Judge Cutler pointed out

that although it should have been obvious that the victim had suffered serious injury as a result of the accident, Winslow's decision to leave the scene was apparently deliberate. In light of these circumstances, Judge Cutler concluded that Winslow should be deemed to be a worst offender and that his conduct was even more serious than the conduct typically involved in class A felonies such as vehicular manslaughters.

██ The record supports Judge Cutler's finding that Winslow's conduct was exceptionally serious. A more egregious case of failure to render aid would be difficult to imagine. It is well-settled that a sentencing court may properly find that a defendant is a worst offender based on the particular manner in which an offense was committed, without regard to the existence of a prior criminal record. *See, e.g., Saganna v. State*, 594 P.2d 69, 70 (Alaska 1979); *Burleson v. State*, 543 P.2d 1195, 1200–02 (Alaska 1975). Thus, Judge Cutler did not err in concluding that Winslow deserved to be classified as a worst offender even though he had not previously been convicted of a crime.

██ Although the finding that Winslow was a worst offender might have justified imposition of a maximum sentence in this case, Judge Cutler imposed a total sentence of ten years with five years suspended, giving considerable weight to Winslow's favorable background, his good character, and his willingness to assume responsibility for his conduct. The unsuspended portion of the sentence exceeds by only one year the four-year presumptive term that would be applicable to a second felony offender convicted of a class B felony. *See* AS 12.55.125(d)(1). Given the exceptional seriousness of Winslow's conduct, we do not believe that an unsuspended five-year term violates the rule established in *Austin v. State*, 627 P.2d 657, 658 (Alaska App.1981). In imposing sentence, Judge Cutler specifically considered all applicable *Chaney*[1] criteria and decided to emphasize deterrence of others and reaffirmation of societal norms. We have independently reviewed the sentencing record and conclude that the total sentence imposed by Judge Cutler was not clearly mistaken.

The sentence is AFFIRMED.

---

1. *State v. Chaney,* 477 P.2d 441, 443–44 (Alaska 1970).