Edward SHAISNIKOFF, Appellant,

v.

STATE of Alaska, Appellee.

No. A-354.

Court of Appeals of Alaska.

Nov. 1, 1984.

Walter Share, Anchorage, and Robert Merle Cowan, Kenai, for appellant.

G. Scott Sobel, Legal Intern, Frank D. Rothschild, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

After entering a plea of *nolo contendere*, Edward Shaisnikoff was convicted of criminally negligent homicide, AS 11.41.-130. Superior Court Judge J. Justin Ripley sentenced Shaisnikoff to serve five years' imprisonment, with three years suspended. Shaisnikoff appeals, contending that his sentence is excessive.

On August 1, 1982, Shaisnikoff became involved in a fight with Albert Fredericks at the Elbow Room Bar in Unalaska. Both men were intoxicated. They began fighting in the entryway of the bar and soon ended up outside, with Shaisnikoff on top of Fredericks. After a short while Shaisnikoff stood up, helped Fredericks to his feet, and offered him a drink. Fredericks apparently accepted.

What happened next is unclear. According to one witness, Shaisnikoff spun Fredericks around in the direction of the bar and then pushed him three times, knocking him to the ground. Two other witnesses stated that as Shaisnikoff and Fredericks started to move toward the bar Fredericks fell down, apparently on his own. Shaisnikoff testified that he had helped Fredericks to his feet by grabbing his shoulder and pulling him up. Shaisnikoff then let go; Fredericks lost his balance and fell.[1]

In any event, it is undisputed that Fredericks fell directly backwards and struck his head against the gravel road, knocking himself unconscious and cutting his head. A police officer attempted to assist Fredericks. Fredericks regained consciousness but was generally uncooperative. He resisted efforts to provide first aid and indicated that he was not interested in filing a complaint. Fredericks was assisted to the Unalaska clinic for treatment. He continued to be belligerent, and at one point attempted to tear some stitches from the wound in his head. After receiving treatment at the clinic, Fredericks returned home.

Several days later, Fredericks was found at his home, semi-conscious. He was initially hospitalized in Unalaska and then flown for treatment to a hospital in Anchorage. Physicians in Anchorage concluded that Fredericks was suffering from a brain hemorrhage and decided to perform surgery. The surgery was unsuccessful, and Fredericks died without regaining consciousness. An autopsy established the medical cause of Fredericks' death to be acute subdural hematoma, secondary to a basal skull fracture.

As a result of Fredericks' death, Shaisnikoff was initially charged with manslaughter. The charge was later reduced to negligent homicide, and Shaisnikoff entered a *nolo contendere* plea.

At sentencing, Shaisnikoff requested the court to impose a probationary sentence. In support of this request he relied on his favorable background, his lack of a significant criminal record,[2] and his good standing in the community of Unalaska. Shaisnikoff also maintained that the offense bordered on being an accident and that his conduct had been minimally serious.

Judge Ripley was not persuaded by Shaisnikoff's arguments:

> We have to look at the type of acts that fit within criminally negligent homicide and it seems no matter which series or set of facts the court adopts, it can't be denied that an argument which led to some kind of fisticuffs, brawling or

---

1. One witness to the offense testified that, after Fredericks fell, Shaisnikoff got back on top of Fredericks and began shaking him. However, all other witnesses apparently agreed that this conduct occurred during the early stages of the altercation, when Shaisnikoff and Fredericks first emerged from the Elbow Room Bar and fell to the ground fighting.

2. Shaisnikoff's only recent conviction was for reckless driving and occurred in 1981. He has two other misdemeanor convictions, which are significantly older: one for leaving the scene of a non-injury accident in 1973 and one for petty larceny in 1970.

mauling between [Shaisnikoff and Fredericks] resulted in the—the impact with the ground. And since it arises out of alcohol which is a substance vastly overabused in our society here in Alaska, since it arises out of a brawl, and since— Mr. Shaisnikoff is a person about whom I've heard testimony who has a tendency to lean on people when under those circumstances, I think it is considerably—it cannot be said to be among the least serious methods in which criminally negligent homicide could have been committed or occurred.

The judge concluded that, although Shaisnikoff did not pose a danger to society and appeared to have made satisfactory progress toward rehabilitation, a substantial period of incarceration was necessary to deter Shaisnikoff and other potential offenders and to reaffirm the seriousness of the offense. Accordingly, Judge Ripley sentenced Shaisnikoff to serve five years in prison, with three years suspended.

On appeal, Shaisnikoff argues that, given the nature of his offense and his standing as a first offender, a sentence of five years with three years suspended is excessive. We agree.

In *Sears v. State,* 653 P.2d 349, 350 (Alaska App.1982), we discussed the appropriate range of sentencing for first offenders convicted of negligent homicide:

> Criminally negligent homicide is a class C felony with a maximum sentence of five years. AS 12.55.125(e). The presumptive sentence for a second felony offender under this statute is two years. AS 12.55.125(e)(1). In *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981), we stated that "[n]ormally a first offender should receive a more favorable sentence than the presumptive sentence for

a second offender. It is clear this rule should be violated only in an exceptional case." While we recognize that the instant case involves a serious offense, the legislature has classified this crime as a class C felony. Had Sears been a second felony offender, there do not appear to be any aggravating factors which would have justified the sentencing court in imposing a sentence exceeding two years. AS 12.55.155(c). Nor do there appear to be any extraordinary circumstances which would have justified the trial judge in referring a second offender to a three-judge panel for sentencing because of aggravating factors which were not listed in AS 12.55.155(c). AS 12.55.165. It therefore appears that had Sears been a second offender, her sentence would have been limited to two years. The two-year second offender sentence should set a limit on Sears' sentence as a first offender.

Our discussion in *Sears* applies squarely to the situation in the present case.[3] Here, the sentencing court did not find any significant aggravating factors or extraordinary circumstances surrounding Shaisnikoff's offense. At most, Judge Ripley appears to have concluded that Shaisnikoff's conduct was not *de minimus* and that it fell within the range of conduct typical for the offense. Yet Shaisnikoff's sentence clearly exceeded the presumptive term for a second offender.

In support of the sentence imposed by the superior court, the state argues that sentencing is an individualized process.[4] *Creer v. State,* 600 P.2d 1095, 1095–96 (Alaska 1979). This argument misses the point; here, the sentencing court found no individual circumstances to support a conclusion that Shaisnikoff could have been

3. *See also Connors v. State,* 652 P.2d 110 (Alaska App.1982) (affirming a first-offense negligent homicide sentence of three years with two years suspended).

4. In addition, the state cites two negligent homicide cases in which lengthy sentences have been approved for first offenders: *Rosendahl v. State,* 591 P.2d 538 (Alaska 1979) (ten-year sentence

affirmed), and *Annayoc v. State,* 590 P.2d 904 (Alaska 1979). However, both cases involved convictions under Alaska's former criminal code, which defined negligent homicide as manslaughter and imposed a maximum penalty of twenty years' imprisonment. *See* former AS 11.15.080. These convictions were thus equivalent to convictions of a class A felony under current law. *See* AS 12.55.125(c).

sentenced to more than the presumptive two-year term if he had previously been convicted of a felony, nor did the court explain why Shaisnikoff—as a first felony offender—should receive a sentence greater than that which he would have received had he been a second felony offender. Under these circumstances imposition of a sentence exceeding the presumptive term for a second offender was clearly mistaken. *See Austin v. State,* 627 P.2d 657 (Alaska App.1981); *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

We note that there is evidence in the record indicating that Shaisnikoff has a potential problem with alcohol abuse and that he has tended to become combative when intoxicated. While this evidence is certainly of sufficient concern to justify a total sentence—including suspended and unsuspended time—of more than two years, we conclude that the unsuspended portion of Shaisnikoff's sentence should be substantially more favorable than the two-year presumptive term for a second offender. We therefore hold that, on remand, Shaisnikoff's sentence must be reduced to a term of three years with two years suspended.

The sentence imposed by the superior court is VACATED and this case is REMANDED for imposition of a new sentence in conformity with this opinion.

SINGLETON, J., concurs.

SINGLETON, Judge, concurring.

A finding by the sentencing judge that Shaisnikoff made an unprovoked attack on Fredericks, and in the course of that attack negligently killed him, would more than justify the sentence Judge Ripley imposed in this case. Judge Ripley, however, made no such finding. He apparently found that Shaisnikoff and Fredericks mutually agreed to a spur of the moment fight, that no unfair advantage was taken by either,

and that no deadly weapon was used. In Judge Ripley's view, Fredericks' death was an unfortunate result of mutual combat, *i.e.,* a homicide which would have been excusable under former AS 11.15.110(2), which provided:

> The killing of a human being is excusable when committed
>
> . . . .
>
> (2) by accident or misfortune in the heat of passion, upon a sudden and sufficient provocation, or upon a sudden combat, without premeditation or undue advantage being taken, and without a dangerous weapon or thing being used, and not done in a cruel or unusual manner.

Given these findings, I agree that Shaisnikoff should not receive a greater sentence than we approved for Sears. *See Sears v. State,* 653 P.2d 349, 350 (Alaska App.1982) (remanded with directions to impose a sentence not to exceed two years' imprisonment including suspended time).

I therefore join in the decision of the court.