Mark SMITH, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1861.

Court of Appeals of Alaska.

July 24, 1987.

Raymond M. Funk, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Bill D. Murphree, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Mark Smith was convicted, based upon his plea of *nolo contendere*, of criminally negligent homicide, AS 11.41.130, a class C felony, and failure to render assistance after an injury accident, AS 28.35.060(a), an unclassified felony with a maximum sentence of ten years. Superior Court Judge Gerald J. Van Hoomissen sentenced Smith, a first-felony offender, to five years on the homicide charge and to ten years with five years suspended on the failure to render assistance charge. These sentences are concurrent. Smith appeals, arguing that his sentence is excessive. We conclude that Smith's sentence is excessive, and remand for imposition of a sentence not to exceed four years.

Smith borrowed a 1974 Chevrolet Camaro from a friend. The Camaro broke down and Smith left it in a driveway just off Chena Ridge Road in Fairbanks. Smith hitchhiked to the residence of another friend, and asked an acquaintance, Doug Feistner, to help him with the Camaro. Feistner volunteered to go to Chena Ridge and to attempt to start the car. Feistner drove Smith to Chena Ridge and they attempted to jump start the car. This did not work and Feistner agreed to tow the car. Smith and Feistner fastened the Camaro to Feistner's car with a one-quarter inch chain. Feistner then towed the Camaro, with Smith steering it, down Chena Ridge Road. The windshield wipers in the Camaro did not work. The Camaro had power steering which was not working since the car was not running. In addition, the brakes were not effective. While the car was being towed down Chena Ridge Road it began raining quite hard. Since the windshield wipers were not working, Smith was unable to see out of the car. Smith weaved to the left and right of Feistner's car and rolled down his window in an attempt to see where he was going. Apparently, Smith ran into the rear of Feistner's vehicle. At some point during the tow, Smith crossed over the center line and hit a 1986 Nissan driven by Mary Philip, age seventeen.

Shortly after the collision, David Adams, who was driving along Chena Ridge, came upon the accident. According to Adams, he talked to Feistner, who indicated that he was not injured. Adams stated that Smith was bleeding from the side of his mouth, but that Smith said that he was not injured. Adams then went over to the 1986 Nissan, which was also off the roadway. It was apparent to him that Mary Philip was seriously injured. Adams attempted to render first aid to Philip who was pinned in the front seat of her car. Another witness appeared at the scene of the accident and Adams asked him to secure medical help. At this point, Adams realized that Smith and Feistner had left the area in Feistner's car. Philip was taken to the hospital but ultimately died of her injuries. Police were eventually able to locate Smith and Feistner. Smith told police officers that he left the scene of the accident because he did not have a driver's license and because he was frightened. Feistner apparently said that he left because he was concerned about an injury that Smith had to his knee. Feistner took Smith to the hospital and Smith gave a fictitious name. Apparently, Smith had a rather serious cut on his knee. However, before securing any treatment Smith left the hospital.

In arguing that his sentence is excessive, Smith points out that he is nineteen-years old and has no prior record. He argues that his sentences are excessive in light of *Austin v. State*, 627 P.2d 657 (Alaska App. 1981). In *Austin*, this court indicated that

a first-felony offender should normally receive a sentence more favorable than the presumptive sentence for a second-felony offender except in an exceptional case. 627 P.2d at 658. The presumptive sentence for a second-felony offender who is convicted of a class C felony is two years. AS 12.55.125(e)(1). Although failure to render assistance in an injury accident is an unclassified felony, the ten-year maximum sentence for that offense makes it analogous to a class B felony. The presumptive sentence for a second-felony offender convicted of a class B felony is four years. AS 12.55.125(d)(1). Smith points out that his five-year sentence for negligent homicide, a class C felony, is far in excess of the two-year presumptive sentence for a second-felony offender. His five-year sentence on the failure to render assistance charge is greater than the four-year presumptive sentence for a second-felony offender convicted of a class B felony. Smith also refers us to *Sears v. State*, 653 P.2d 349 (Alaska App.1982). In that case, this court found that a sentence of five years with three years suspended was excessive for criminally negligent homicide. The *Sears* case involved a first-felony offender convicted of a negligent homicide, where there were no aggravating factors. This court reasoned that the sentence in that case should not exceed two years of imprisonment, since the presumptive sentence for a second-felony offender was two years. 653 P.2d at 350.

Smith also argues that his sentence is excessive in comparison to the sentence which his co-defendant, Feistner, received. Judge Van Hoomissen sentenced Feistner, also age nineteen, to one year on the negligent homicide charge and to six years with five years suspended on the failure to render aid charge. Judge Van Hoomissen imposed the sentences concurrently. Smith points out that at the time of the negligent homicide offense, Feistner was on probation for third-degree theft and for filing a false police report. On those charges the court had sentenced Smith to a one-year suspended imposition of sentence and a special condition of probation that required him to perform thirty hours of community service.

The state argues that on the facts of the present case, Smith could have been convicted of manslaughter, a class A felony. If he had been convicted of manslaughter, Smith would have been subject to a five-year presumptive sentence. AS 12.55.-125(c)(1). The state also points out that Smith was being sentenced for two serious felonies, not just one. The state points out that the evidence shows that Smith knew that the windshield wipers, power steering, and brakes were not working in the Camaro. There is no indication that Feistner was aware of these matters. Judge Van Hoomissen found that Smith had consistently driven without a driver's license and that the pattern of his life indicated irresponsibility. In addition, Judge Van Hoomissen clearly found that Feistner had better prospects for rehabilitation than did Smith.

■ Although there is a difference between manslaughter and criminally negligent homicide, they are closely related offenses. A person commits criminally negligent homicide if he causes the death of another person through criminal negligence. AS 11.41.130. A person may commit manslaughter by recklessly causing the death of another person. AS 11.41.120. However, Smith entered his plea to negligent homicide, and we see no reason to treat this offense as a *de facto* manslaughter. Although Smith acknowledged that he had consumed some marijuana earlier in the day and had an open beer can in his possession while he was being towed, there is no indication that Smith was intoxicated at the time of the accident.

Looking at the negligent homicide alone, we see little to distinguish this offense from *Sears*, where we indicated that the sentence for the negligent homicide offense should not exceed two years' imprisonment. 653 P.2d at 350. Of course, Smith's case is different from *Sears* because Smith's case also involves the charge of failure to render aid. The failure to render aid charge is aggravated because the victim died of her injuries. However, it does not appear that the fact that Smith and Feistner left the

accident scene contributed to her death. The record suggests that even if medical aid had arrived more promptly, it would not have prevented the victim from dying of her injuries. In addition, when Smith and Feistner left the scene of the accident, another person had already started to render assistance. *C.f. Winslow v. State,* 685 P.2d 1273 (Alaska App.1984) (charge of failure to render assistance was properly aggravated where it involved a fatal injury and where the defendant might have prevented the victim's death if he had stopped to render aid).

The differences between Smith's and Feistner's sentences can be explained to some degree. In the sentencing process we give great deference to the trial judge's factual conclusions. Judge Van Hoomissen could certainly conclude that Smith had greater responsibility for the fatal collision than did Feistner. Smith was familiar with the Camaro and should have known that the windshield wipers did not work, that the power steering was not working, and that the brakes were inoperable. Additionally, Judge Van Hoomissen could conclude that Smith's prospects for rehabilitation were not as great as Feistner's. However, we note that both defendants are nineteen years of age, and that Feistner was on probation for a theft offense and filing a false police report, at the time of the negligent homicide. This makes it difficult to put too much weight on any conclusion that Feistner's prospects for rehabilitation are greater than Smith's. As far as the failure to render aid offense is concerned, it is difficult to see how Smith could be seen as significantly more culpable than Feistner.

■ In treating disparity in sentences, the supreme court has stated:

> Comparison with other sentences cannot be determinative of a particular sentence appeal. While theoretically two defendants with identical backgrounds should receive like sentences, there are too many factors entering into sentencing to produce such a mechanical result. Nevertheless, disparity in sentencing should be minimized to the extent possible where like offenders are charged with similar crimes.

*Strachan v. State,* 615 P.2d 611, 614 (Alaska 1980) (footnote omitted). Thus, the supreme court has recognized that while it is desirable for similarly situated defendants to receive similar treatment, as a practical matter, sentencing is an individualized process and a certain amount of disparity will result from the exercise of judicial discretion. Consequently, the supreme court and this court have tolerated considerable disparity in sentencing; a sentence will be found to be excessive only if it is clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

■ The legislature has attempted to reduce disparity in sentencing by enacting the sentencing provisions of the Revised Criminal Code. *Juneby v. State,* 641 P.2d 823, 829–30 (Alaska App.1982), *modified on other grounds,* 665 P.2d 30 (Alaska App.1983). However, since neither Smith nor Feistner, as first-felony offenders, were subject to presumptive sentencing, the code's provisions do not directly affect their sentences. We have attempted to carry out the mandate of the legislature for more uniform sentencing by applying the rule which we announced in *Austin,* 627 P.2d 657. This rule allows for considerable judicial discretion in the sentencing of offenders not subject to presumptive sentencing, but requires first-felony offenders to be sentenced to less than the presumptive term for a second-felony offender, except in exceptional cases. *Id.* at 658.

■ Although we believe that Judge Van Hoomissen could properly find that Smith was more culpable for the negligent homicide than was Feistner, and that Smith's prospects for rehabilitation were not as good as Feistner's, we do not believe that these factors can completely justify the difference in the sentences which these two individuals received for the same crimes. The basic similarity between Smith's case and Feistner's, dictates a reduction of Smith's sentence. We also believe that our analysis of this case in light

of the *Austin* rule, favors reducing Smith's sentence.

We conclude that Judge Van Hoomissen should not have sentenced Smith to a sentence of imprisonment greater than four years. Although the offenses in question are serious, Smith is only nineteen years of age and has no prior criminal record. A sentence of four years is double the presumptive sentence for a second-felony offender convicted of a class C felony, such as negligent homicide. It is equal to the presumptive sentence for a second-felony offender convicted of a class B felony. We therefore find that the sentences which were imposed in this case are clearly mistaken.

Smith's sentences are VACATED, and this case is REMANDED to the trial court with directions that it impose a composite sentence not exceeding four years.