Jeffrey R. JANSEN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1682.

Court of Appeals of Alaska.

Nov. 4, 1988.

Paul E. Malin, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Jeffrey R. Jansen was charged in an indictment with driving while license cancelled, suspended or revoked, AS 28.15.-291(a), manslaughter, AS 11.41.120(a)(1), and assault in the third degree, AS 11.41.-220(a)(1). Jansen pled no contest to driving while license canceled, suspended, or revoked and was tried by a jury on the other charges. The jury returned verdicts on the lesser-included offenses of criminally negligent homicide, AS 11.41.130(a), and assault in the fourth degree, AS 11.41.230. Jansen appeals, arguing that the trial court erroneously admitted evidence of prior offenses and imposed an excessive sentence. We affirm.

While driving back to Anchorage from Girdwood on August 31, 1985, Jansen passed a number of vehicles and collided head-on with a vehicle proceeding in the opposite direction. Harry Grant, the driver of the other vehicle, was immediately killed, and Bernice L. Grant, his passenger, suffered physical injury. The state proceeded to trial on the theory that Jansen was intoxicated and that his intoxication constituted recklessness. In support of its theory, the state sought to show that Jansen had been previously convicted of two driving while intoxicated (DWI) offenses. His first DWI conviction was in 1978. Jansen had attended a party for the staff of Nordstrom and had an accident on the way home. No one else was involved. Jansen's second DWI offense occurred in 1985. He was stopped for driving across a parking lot without his lights on. His blood alcohol level was .14.

Prior to trial, defense counsel requested that no reference be made to Jansen's prior DWI convictions. Superior Court Judge Rene J. Gonzalez granted the request, ruling that:

> [T]he state is not to use in any way in its case-in-chief the prior DWI convictions of this defendant.
>
> . . . .
>
> [I]f the defense somehow opens the door, the state may use them. But we'll address that matter on crossexamination.

Jansen called Dr. George Harris, a psychiatrist, to testify as a defense witness. On direct examination, Harris testified that he examined Jansen, looking for aggressive tendencies or impulses that might manifest themselves while Jansen was driving, and found none. Dr. Harris concluded that there was nothing about the circumstances of the accident or his knowledge of Jansen that would indicate that Jansen was acting in a reckless manner. Out of the presence of the jury, the state requested permission to ask Dr. Harris whether he had considered Jansen's prior DWI convictions in determining that there was nothing in Jansen's background suggesting recklessness. It appears that Dr. Harris had in fact considered the DWI convictions, but had failed to mention them in deference to the pretrial order *in limine.* Judge Gonzalez concluded that Dr. Harris had specifically stated that he had found no evidence of aggressive tendencies, impulses, or recklessness

in Jansen's background or history. Judge Gonzalez therefore concluded that the defense had "opened the door" and permitted the state to ask questions concerning the DWI convictions on cross-examination. The following questions were asked and answered:

> Q. And, Doctor, when you evaluated Mr. Jansen to determine, and to be able to reach the conclusion that he was of a passive character—am I
>
> . . . .
>
> A. Passive, dependent personality structure would be his formal diagnosis.
>
> Q. Okay. Did you, in making that determination, take into consideration that Mr. Jansen has two prior DWI convictions?
>
> A. Yes.
>
> Q. Okay, and what weight did you give those convictions?
>
> A. Considerable weight.
>
> Q. After giving those convictions considerable weight, is it your conclusion that he doesn't have any history reflective of recklessness?
>
> A. Yes.

The jury acquitted Jansen of manslaughter and third-degree assault and convicted him of criminally negligent homicide and fourth-degree assault. Judge Gonzalez sentenced Jansen to five years with three suspended, and to five years of probation on the criminally negligent homicide conviction. He imposed a one-year sentence on the fourth-degree assault conviction and a six-month sentence on the driving with license suspended conviction, both to run concurrently to the sentence for the homicide.

## DISCUSSION

■ Jansen first argues that the trial court committed reversible error by allowing the prosecutor to cross-examine Dr. Harris by reference to the two prior DWI convictions. He contends that evidence of his prior DWI convictions was not admissible under Alaska Evidence Rules 608 (evidence of character and conduct of witness) and 609 (impeachment by evidence of prior convictions for crimes involving dishonesty or false statement). We agree. Here, however, the evidence was admissible under A.R.E. 611(b), which provides in part:

> Cross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness.

■ We agree with the state that the two prior DWI convictions were relevant to Dr. George Harris' testimony on direct examination that there was nothing in Jansen's history or the circumstances of the accident which would support a finding of recklessness. By putting Jansen's *mens rea* directly in issue, through Dr. Harris' expert testimony, Jansen opened Dr. Harris up to cross-examination about the basis for his opinion and Judge Gonzalez was of course free to reconsider his prior application of A.R.E. 608 and 609. Such reconsideration would not have been an abuse of discretion.[1] *See* A.R.E. 705.[2]

---

1. The jury acquitted Jansen of all counts requiring a finding of recklessness and convicted him instead of counts requiring a finding of negligence. At sentencing, defense counsel strenuously argued that the jurors unanimously rejected the theory that Jansen was driving while intoxicated. Counsel apparently argued that this was the only interpretation that could be placed on their verdict. If this is true, then any admission of the prior DWI's would be harmless beyond a reasonable doubt because the jury would not have inferred that Jansen was driving while intoxicated on this occasion from evidence that he had driven while intoxicated in the past.

2. Alaska Evidence Rule 705(c) provides:

> When the underlying facts or data [supporting an expert's opinion] would be inadmissible in evidence for any purpose other than to explain or support the expert's opinion or inference, the court shall exclude the underlying facts or data if the danger that they will be used for an improper purpose outweighs their value of support for the expert's opinion. If the facts or data are disclosed before the jury, a limiting instruction by the court shall be given upon request.
>
> This rule appears intended to prevent the party calling an expert witness from using the expert opinion as a device for putting inadmissible evidence before the jury. It does not address the right of the opposing party to challenge the expert's opinion by showing that it is based

In *Wright v. State*, 656 P.2d 1226 (Alaska App.1983), we implied that those who drink knowing that they have committed crimes while drunk in the past, as well as those who drink knowing that they will be driving or handling weapons, commit a *malum in se* act by their drinking. *See also Morgan v. Anchorage*, 643 P.2d 691, 692 (Alaska App.1982) (intentionally drinking and driving establishes *mens rea* of driving while intoxicated). *Cf. People v. Register*, 60 N.Y.2d 270, 469 N.Y.S.2d 599, 600, 601–604, 457 N.E.2d 704, 705, 706–09 (N.Y.1983) (recklessness—defined as conscious disregard of a substantial risk—encompasses the risk created by defendant's conduct in getting drunk). These cases reflect our view that driving while intoxicated is recklessness.

■ In *Comeau v. State*, 758 P.2d 108, 111 (Alaska App.1988) this court held that reckless driving is necessarily a lesser-included offense of driving while intoxicated. We reasoned that drunk driving is reckless driving. *Id.* Therefore, it necessarily follows that Jansen's history of drunk driving was a history of reckless driving, highly material to the accuracy and credibility of Dr. Harris' opinion that Jansen was not a reckless person.

■ Jansen argues that this analysis does not address the purpose of Dr. Harris' testimony. According to Jansen, Dr. Harris' testimony was carefully tailored to negate an inference that Jansen was a "highway cowboy," a person who takes out aggressive impulses by driving dangerously. In Jansen's view, Dr. Harris' testimony that Jansen was not "reckless" was limited to negating the assertion that he was an aggressive driver and was not intended to negate the assertion that he was an intoxicated driver. Jansen has missed the point. Dr. Harris' testimony was direct evidence of Jansen's *mens rea*. By offering this evidence, Jansen opened the door for the state to impeach Harris by showing that he had either overlooked or disregarded significant evidence of past recklessness.

upon insufficient facts or that it overlooks sig-

■ As an alternate ground upon which this court may affirm Judge Gonzalez's ruling, the state argues that the evidence was automatically admissible to prove that Jansen was subjectively aware of the risk posed by his drunk driving. In *Abruska v. State*, 705 P.2d 1261, 1263–65 (Alaska App. 1985), this court suggested that a person's past experience of being arrested for driving while intoxicated or other alcohol related offenses, might be relevant to show recklessness when that person later became intoxicated and engaged in dangerous conduct, *i.e.*, driving while intoxicated. *See also Shane v. Rhines*, 672 P.2d 895, 899 n. 3 (Alaska 1983). This would be true because such evidence would show that the defendant had notice of the community's condemnation of excessive drinking and driving. Such evidence would therefore support an inference of the defendant's appreciation of the risk presented to others by driving when intoxicated. A drunk driver presents a universal risk to the community at large, the risk does not depend on any particular potential victim's actions or responses nor on proof that any particular victim was endangered. *Comeau*, 758 P.2d at 117 n. 12. Because awareness of the risk is required to show recklessness, it is an element of an offense with a recklessness *mens rea*. The state therefore concludes that evidence of Jansen's past driving while intoxicated convictions should have been automatically admitted to show notice whether Jansen specifically litigated *mens rea* or not. *See, e.g., St. John v. State*, 715 P.2d 1205 (Alaska App.1986); *Edgmon v. State*, 702 P.2d 643 (Alaska App.1985).

■ Judge Gonzalez was correct when he refused to automatically admit evidence of the prior DWI convictions. Although Judge Gonzalez did not directly address this issue, he apparently concluded that the probative value of Jansen's past convictions was outweighed by the potential danger that the jury would conclude Jansen was driving while intoxicated in this case because Jansen had driven while intoxicated in the past. To automatically allow

nificant factors germane to the opinion.

prior DWI convictions into evidence would have been particularly prejudicial in this case because Jansen was contesting the fact he was driving while intoxicated.

■ In most cases of this type, the defendant disputes the drunk driving charge, but does not seriously dispute the *mens rea* issue. However, this case is unique because Jansen emphasized the significance of his mental state when he interjected expert testimony on the issue of his *mens rea*. Once Jansen offered Dr. Harris' testimony and directly placed his *mens rea* in issue, Judge Gonzalez was free to reevaluate the danger of prejudice versus the probative value flowing from the prior DWI convictions. Judge Gonzalez apparently concluded that after the *mens rea* issue was opened, the probative value of the evidence outweighed the potential prejudice. The ruling did not constitute an abuse of discretion.

■ Jansen next argues that his sentences are excessive. Judge Gonzalez imposed a maximum five-year term for the negligent homicide offense, but suspended three years on the condition that Jansen successfully complete five years' probation. On the fourth-degree assault offense, Judge Gonzalez imposed a maximum one-year term, to run concurrent to the negligent homicide sentence. Finally, Judge Gonzalez imposed a concurrent six-month sentence and $1,000 fine on the driving with license suspended offense. Jansen challenges only the propriety of the negligent homicide sentence in this appeal. However, as Alaska's appellate courts have noted on a number of occasions, when a defendant is simultaneously sentenced for multiple convictions, the reviewing court cannot view any one conviction in isolation. Instead, the court must look at the totality of the defendant's conduct measured in light of the totality of his background in determining an appropriate overall sentence. *See Waters v. State*, 483 P.2d 199, 202 (Alaska 1971); *Comegys v. State*, 747 P.2d 554, 558–59 (Alaska App.1987); *Larson v. State*, 688 P.2d 592, 599 (Alaska App.1984). We will therefore pay particu-

lar attention to the fact that the sentences in this case were imposed concurrently.

Jansen has a disturbing driving record. He was convicted of driving while intoxicated in 1979 and in 1985. From 1978 to 1985 he was convicted of eight traffic violations, six for speeding. Most disturbing of all, he was driving on this occasion with a suspended license. When we consider the number of people Jansen put at risk, the probability that his conduct would injure someone, the nature of the likely injury, and Jansen's possible intoxication, the trial court would not have been clearly mistaken had it concluded that he was a worst offender. *Huckaby v. State*, 632 P.2d 975, 976 n. 1 (Alaska App.1981).

■ Nevertheless, Jansen points out that criminally negligent homicide is a class C felony with a maximum sentence of five years. AS 12.55.125(e). The presumptive sentence for second felony offenders is two years. AS 12.55.125(e)(1). Under *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App. 1981), a first offender should usually receive a more favorable sentence than the presumptive term reserved for a second felony offender. If a first offender receives jail time equal to the presumptive term for a second felony offender, and additionally receives suspended time, aggravating factors under AS 12.55.155(c) or extraordinary circumstances which would justify referral to the three-judge panel, *e.g.*, nonstatutory aggravators, must be found. *Brezenoff v. State*, 658 P.2d 1359, 1362 (Alaska App.1983); *Sears v. State*, 653 P.2d 349, 350 (Alaska App.1982). In Jansen's view, a sentence of one year would have been more appropriate and a sentence of two years, including suspended time, was the maximum he should have received. *See, e.g.*, *Sears*, 653 P.2d at 350 n. 2; *Connors v. State*, 652 P.2d 110, 111 (Alaska App.1982).

■ We are satisfied that Jansen's prior driving record, and particularly his driving without a license at the time of this accident, justifies the sentence imposed in this case. As the trial court pointed out,

Jansen had no business operating a motor vehicle at the time of this accident.[3]

The judgment and sentence of the superior court are AFFIRMED.

---

**3.** In his sentencing remarks Judge Gonzalez referred a number of times to the fact that Jansen was drinking and driving at the time of this accident. Had Judge Gonzalez concluded that Jansen's conduct approximated conduct constituting a higher degree of offense, he could have concluded that Jansen's conduct was among the most serious contemplated within the definition of negligent homicide. *See, e.g.,* AS 12.55.-155(c)(10). Such a finding, which may be made despite an implicit jury finding to the contrary, *see, e.g., Huckaby,* 632 P.2d at 977, would clearly support the sentence in this case. *See, e.g.,* *Jones v. State,* 744 P.2d 410 (Alaska App.1987) (eight-year sentence for conduct virtually indistinguishable from Jansen's was justified where the defendant entered a plea of no contest to two counts of manslaughter arising out of a single motor vehicle accident).

Our conclusion that Jansen's driving record supports Judge Gonzalez's sentence, even if the crimes are viewed as negligent rather than reckless, makes it unnecessary for us to base an affirmance on an implicit finding of recklessness by Judge Gonzalez.