**Fred SANDELIN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A-2628.

Court of Appeals of Alaska.

Jan. 20, 1989.

Paul Canarsky, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Kenneth S. Roosa, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Frederick M. Sandelin was convicted, based upon his plea of *nolo contendere*, of custodial interference in the first degree, AS 11.41.320, a class C felony, and of theft in the second degree, AS 11.46.130, a class C felony. Superior Court Judge Jay Hodges sentenced Sandelin to five years with three years suspended for the custodial interference in the first degree conviction. Judge Hodges also sentenced Sandelin to a five-year suspended imposition of sentence

on the theft in the second degree conviction. Judge Hodges specified that Sandelin would serve five years on probation. However, he indicated to Sandelin that if Sandelin violated his probation, he would be liable for up to five years of imprisonment on the theft charge consecutive to the three years of suspended time on the custodial interference charge. Sandelin appeals his sentence to this court, arguing that it is excessive. We affirm.

When Frederick Sandelin was divorced from his former wife, she was awarded custody of their four young children. Sandelin was under court order not to contact his former wife or their children and not to go near his former wife's residence. In spite of this court order, on November 6, 1986, Sandelin went to his former wife's residence and drove off with her car which contained their four children. Sandelin took the children out of state and maintained custody of them for a period of fourteen months. It appears that Sandelin took good care of the children during this period of time. Ultimately, Sandelin went to Juneau and contacted Lt. Governor Stephen McAlpine, a former acquaintance, for advice concerning the custody of his children. When Lt. Governor McAlpine found that there was a warrant out for Sandelin, he contacted the Alaska State Troopers and Sandelin was arrested. Following his arrest, Sandelin refused to disclose the location of the children. After a police investigation, the children were located in Canada and were returned to their mother.

Sandelin was forty-four years of age at the time of sentencing. His only prior conviction was a criminal trespass charge in 1985, which apparently arose out of the turmoil connected with his divorce. Sandelin points to this minimal prior record in arguing that his sentence was excessive. Sandelin cites *Austin v. State*, 627 P.2d 657, 657–58 (Alaska App.1981), where we stated:

> Normally a first offender should receive a more favorable sentence than the presumptive sentence for a second offender. It is clear this rule should be violated only in an exceptional case.

Sandelin argues that, although the trial court could impose a sentence of two years of confinement, his sentence was excessive because of the lengthy probationary period which was imposed on top of the sentence of two years of confinement. *See Sears v. State*, 653 P.2d 349, 350 (Alaska App.1982) (sentence of five years with three years suspended excessive for a class C felony which could not be termed exceptional; court could not impose suspended time in addition to a two-year term of imprisonment).

We believe that the reasons which Judge Hodges gave for finding this case to be exceptional are well-founded. Judge Hodges pointed out that Sandelin had seized his children in direct defiance of a court order that he was not to contact his children. Sandelin's action in seizing custody of his children was well-planned. He managed to maintain custody of the children for over one year, and took the children out of the State of Alaska. When he was finally apprehended, Sandelin refused to cooperate by giving authorities information concerning where the children were located. Judge Hodges found that this offense was among one of the worst cases of custodial interference. He concluded that Sandelin probably would not engage in criminal conduct which was not related to the custody of his children or his relationship to his former wife. However, it was important to Sandelin to have continued contact with his children and Judge Hodges reasoned that it was necessary for the court to make sure that Sandelin would have substantial incentive to follow future court orders concerning the custody of his children. We believe that the evidence supports the conclusion that this was an exceptional case and that it was necessary to impose a substantial suspended sentence in order to deter Sandelin from future criminal violations. We accordingly find that the sentence which Judge Hodges imposed was not clearly mistaken.

The sentence is AFFIRMED.