Argued February 21, affirmed May 8, reconsideration denied June 7, petition for review denied October 17, 1978

STATE OF OREGON, *Respondent,*

*v.*

WILLIAM HOWARD WINTERS, *Appellant.*

(No. 77-8270-T CA 9438)

578 P2d 439

William G. Carter, Medford, argued the cause for appellant. On the brief were Robert H. Grant and Grant, Ferguson & Carter, Medford.

Kathleen G. Dahlin, Certified Law Student, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, Lee, Richardson and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction by a jury of Driving Under the Influence of Intoxicants, ORS 484.365. He makes three claims of error: (1) the court erred in admitting evidence defendant had previously been convicted of Driving Under the Influence of Intoxicants; (2) the court erred in commenting in front of the jury that the breathalyzer operator was qualified to operate the machine; and (3) the court erred in limiting defendant's cross-examination of the breathalyzer operator.

Defendant was charged with the traffic crime of Driving Under the Influence of Intoxicants because of a prior conviction for the same offense within the preceding five years, ORS 484.365. During trial the state offered in evidence proof of defendant's prior conviction. Defendant objected that the evidence was irrelevant and prejudicial. The court overruled the objection and the defendant then offered to stipulate to the prior conviction. The court ruled his offer of stipulation was not timely.

In order for the state to prove defendant guilty of a traffic crime as opposed to a traffic infraction it is necessary for the state to establish he had been convicted of a Class A traffic infraction or a traffic crime within the preceding five-year period. ORS 484.365, 484.380(1). *See State v. Tennyson,* 30 Or App 575, 567 P2d 596 (1977). The evidence of defendant's prior conviction was therefore relevant to prove a necessary element of the charge. Any prejudice to defendant by the disclosure is outweighed by the relevance of the evidence required to prove a necessary element.

The legislature, recognizing the potential prejudice by proof of a prior conviction, responded by including ORS 484.380 in the traffic code:

"(1) In a prosecution under ORS 484.365, the state, municipality or political subdivision shall plead and

prove the previous conviction unless the defendant stipulates to that fact *prior to trial.* If the defendant so stipulates and the trial is by jury:

"(a) The court shall accept the stipulation regardless of whether or not the state, municipality or political subdivision agrees to it;

"(b) Evidence of the previous conviction shall be made a part of the record of the case but shall not be offered or received in the presence of the jury;

"(c) No mention of the previous conviction shall be made to the jury by either the court or the state, municipality or political subdivision; * * *

"* * * * *." (Emphasis added).

There is therefore, within the control of the defendant, a means of removing the prejudicial impact of the necessary evidence. In order to avail himself of this procedure the defendant must make the stipulation prior to trial. A timely stipulation is necessary in order that the prosecutor and the court will be aware that no mention of the prior conviction can be made to the jury in opening statements or otherwise. The defendant cannot bypass this procedure, put the state to its proof, and when such proof is forthcoming, agree to stipulate. The statute is clear, the stipulation must be made prior to trial. The court did not err in admitting the challenged evidence or declining to accept the stipulation.

■ ■ For the first time on appeal defendant asserts the judgment roll offered to prove the prior conviction contained extraneous material. No such objection was made in the trial court and we decline to consider it on review. Defendant also excepted to an instruction that the state must prove the prior conviction as an element of the crime. The exception was based on the ground that such instruction highlighted the prejudicial impact of this evidence. As we have indicated, proof of a prior conviction is a necessary element of this traffic crime; it was therefore not error for the court to so instruct the jury.

Defendant's second assignment or error concerns a comment made by the court in the presence of the jury during a ruling on the admission of certain exhibits. During the direct examination of the breathalyzer operator, the state offered a packet of documents containing, inter alia, two permits certifying the witness as qualified to operate the breath testing equipment. Defendant objected to admission of the documents on the grounds they were not properly certified and were hearsay. In overruling the objection the court, after briefly discussing the two permits, stated:

> "* * * The issue is, was the officer qualified to certify and to operate the machine. He was. * * *"

The defendant excepted to the quoted comment. He argues the comment went beyond a ruling on the evidence and effectively advised the jury the permits conclusively established that the breathalyzer operator was qualified. He contends this is a matter to be determined by the jury.

ORS 487.815(1) provides:

> "Chemical analyses of the person's breath, blood, urine or saliva, to be valid under ORS 487.545, shall be performed * * * by an individual possessing a valid permit to perform such analyses issued by the Health Division."

The court must make a preliminary determination as to whether the witness had a valid current permit to operate the breathalyzer at the time the test was given. The testimony regarding the test and its results are not otherwise admissible.

This statute (ORS 487.815) further provides:

> "(2) The Health Division shall:
> "* * * * *
>
> "(d) Ascertain the qualifications and competence of individuals to conduct such analyses in accordance with one or more methods or techniques approved by the board [Division].
>
> "(e) Issue permits to individuals according to their qualifications. * * *"

The determination as to whether an officer possesses the statutorily required qualifications to operate breath testing equipment is reposed in the Health Division. The jury in a case involving a breath test reading is not at liberty to ascertain if the operator is statutorily qualified. The jury determines if the officer possessing the required permit has properly conducted the test in accordance with the prescribed procedures. The comment by the court that the officer was qualified, i.e., had been ascertained to be qualified by the Health Division, did not invade the province of the jury.

█ The third assignment of error relates to defendant's cross-examination of the breathalyzer operator. The court sustained objection to several questions asked by defendant of the operator. The defendant then made an offer of proof. The general thrust of the questions was to ascertain how the test result would be affected if the operator failed to follow the prescribed testing procedure. The following are typical of the questions asked:

"Q. [Defense Counsel]: And if there remained any air in there [breathalyzer air chamber] from a previous use, that would affect the accuracy of the test, would it not?

"A. I don't know to what degree. I can't answer.

"Q. Okay, but my question is, isn't the operation of the machine premised upon the fact that there is a ratio of 2100 cubic centimeters of air per 1 cubic centimeter of blood?

"A. This I do not know.

"Q. Is it not a fact, officer, that people vary with respect to lung capacity?

"* * * * *

"Q. Do you know whether or not that can affect the success of the test?"

The witness was called to testify concerning his operation of the breath testing equipment and the conduct of the test. He was not called as nor was he statutorily required to be qualified as an expert

witness concerning the chemical or mechanical functioning of the machine. The objections were properly sustained.

Affirmed.