Robert E. LEE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1792.

Court of Appeals of Alaska.

Aug. 26, 1988.

David V. George, Juneau, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Robert E. Lee was convicted by a jury of one count of assault in the third degree in violation of AS 11.41.220(a)(2) (recklessly causing physical injury by means of a dangerous instrument) and two counts of driving while intoxicated (DWI) in violation of AS 28.35.030(a)(1), (2). Superior Court Judge Rodger Pegues sentenced Lee to a term of four years in prison with three years suspended for the assault and to a concurrent thirty-day term for the DWI convictions. Lee appeals, contending that the trial court erred in instructing the jury on the definition of recklessness, the re-

quirement of causation, and the elements of DWI. He also alleges that the state failed to preserve exculpatory evidence and that the trial court erred in various evidentiary rulings at trial. Finally, Lee challenges his sentence for assault as excessive. We affirm.

Lee was charged with assault and DWI after a car that he was driving struck a pedestrian at the side of the highway near the Auke Bay ferry terminal outside of Juneau. At trial, the state attempted to establish that the accident occurred when Lee's car strayed to the right of the fog line and into a ditch because Lee was intoxicated. Lee attempted to establish that he was forced to swerve off the road to avoid something that ran suddenly onto the highway, directly across the path of his car.

Before the case was submitted to the jury, Lee objected to several jury instructions, contending that they undermined his theory of defense. He renews these claims on appeal. Lee first challenges Instruction No. 21, in which the court defined the word "recklessly." The definition set out in the instruction mirrored the statutory definition of "recklessly." *See* AS 11.81.-900(a)(3). Instruction No. 21 provided:

> A person acts "recklessly" with respect to a result or to a circumstance described by a provision of law defining an offense when the person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that disregard of it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation; a person who is unaware of a risk of which the person would have been aware had that person not been intoxicated acts recklessly with respect to that risk.

Lee argues that the court erred in failing to include an additional sentence emphasizing that, if the jury found that Lee was intoxicated and unaware of the risk posed by his driving, before the jury found recklessness it would still be required to determine as a factual matter that Lee would have been aware of the risk had he not been intoxicated. *See St. John v. State,* 715 P.2d 1205 (Alaska App.1986); *Edgmon v. State,* 702 P.2d 643 (Alaska App.1985).

The decision whether to give a requested jury instruction is committed to the sound discretion of the trial court. *Buchanan v. State,* 561 P.2d 1197, 1207 (Alaska 1977). As long as the instructions actually given by the trial court adequately set forth the applicable law, a more elaborate explanation of the defendant's theory of the case will be required only when it would substantially aid the jury in arriving at a just verdict. *Wortham v. State,* 689 P.2d 1133, 1143 (Alaska App.1984).

Here, the recklessness instruction actually given by the trial court accurately and completely reflected the statutory definition of "recklessly." It did nothing to suggest that the jury need not determine whether Lee was aware of the risk that he created or whether his lack of awareness resulted solely from his voluntary intoxication. Although the additional language proposed by Lee accurately reflects this court's holdings in *St. John* and *Edgmon,* omission of the proposed language did not detract from the completeness or accuracy of the instruction actually given.

It is possible to conceive of cases in which a more detailed recklessness instruction might be called for. For example, the circumstances of a case may actually place in issue the distinction between recklessness and criminal negligence, or there may be some evidence to suggest that an intoxicated defendant, even if sober, might reasonably have failed to perceive the risk posed by the defendant's conduct. In both of these situations it might indeed be both appropriate and necessary to instruct the jury in express terms that the question of whether the defendant's failure to perceive a risk resulted from the defendant's voluntary intoxication is a factual one, to be decided by the jury based on all of the evidence in the case.

The present case does not present these circumstances. Lee's defense was that he was forced to take emergency evasive ac-

tion to avoid an object in the roadway. He asserted that the course he took was the only reasonable alternative open to him, drunk or sober. Lee's theory of defense was not that he reasonably failed to perceive that he created a substantial and unjustifiable risk by driving while intoxicated. Rather, it was that he created no unjustifiable risk at all. To the extent that Lee acknowledged consuming alcoholic beverages, his position was that his driving was not impaired prior to the accident and that, at worst, any impairment was causally unrelated to the emergency that forced him off the road.

Given these circumstances, the inclusion of additional language in the recklessness instruction would have been of little realistic benefit and might readily have confused the jury. Because the instruction actually given by the court adequately defined recklessness, we find no abuse of discretion in the trial court's rejection of Lee's proposed addition to that instruction.

Lee raises a similar challenge to Instruction No. 24, which dealt with the issue of causation. Instruction No. 24 provided:

The cause of an injury is a cause which, in natural and continuous sequence, produces the injury, and without which the injury would not have occurred.

There may be more than one cause of an injury. When the separate conduct of two or more persons contributes substantially and concurrently as causes of an injury, the conduct of each is a cause of the injury regardless of the extent to which each contributes to the injury.

It is not a defense to a criminal charge that the injured person was negligent, thereby contributing to the cause of the injury involved in the case.

██ Contrary to Lee's argument on appeal, Instruction No. 24 properly required the jury to find, as a prerequisite to conviction for assault, that any recklessness on Lee's part was an actual, or "but for," cause. The instruction defined "the cause of an injury" as a cause "without which the injury would not have occurred." Instruction No. 24 also required the jury to find

that Lee's recklessness was a proximate cause of the injuries that allegedly resulted to the victim—that is, a cause that "contributes substantially" to the injuries.

██ The instruction did not preclude the jury from considering the victim's own conduct to the extent that it may have been relevant to the issues of whether Lee acted recklessly and whether his recklessness caused the alleged injuries. Beyond that, Lee was clearly not entitled to an instruction informing the jury that the victim's negligence was a defense to the assault charge. *See Wren v. State,* 577 P.2d 235, 240 (Alaska 1978).

██ Lee's next challenge is to Instruction No. 28, which allowed the jury to infer that Lee acted recklessly if it found that he drove while intoxicated. The instruction provided:

If you find that the defendant operated a motor vehicle while intoxicated, you may, but are not required to, infer that he acted recklessly.

The challenged instruction correctly stated the relationship between recklessness and drunken driving. *See Comeau v. State,* 758 P.2d 108 (Alaska App.1988). Moreover, the instruction was appropriately phrased as a permissive inference. *See* A.R.E. 303(a)(1); *Kalmakoff v. Anchorage,* 715 P.2d 261, 262 (Alaska App.1986). Nothing in the challenged instruction absolved the jury of its duty to determine whether Lee was aware of the risk posed by his driving or whether he would have been aware of that risk but for his intoxication. Nor did the instruction suggest that Lee's recklessness could serve as a basis for conviction of assault without the requisite finding of causation. We conclude that there was no abuse of discretion in the trial court's decision to give Instruction No. 28.

Lee next challenges Instructions No. 16, 19, and 25. These instructions addressed Count III of the information against Lee, which charged DWI based on the theory that Lee drove with a blood alcohol content of .10 percent or more in violation of AS 28.35.030(a)(2). Incorporating the express

language of AS 28.35.030 and AS 28.35.033, Instruction No. 16 accurately recited the charge contained in Count III of the information, providing, in relevant part:

Count III—AS 28.35.030(a)(2).

Driving While Intoxicated

That on or about the 18th day of December, 1985, at or near Juneau, in the First Judicial District, State of Alaska, ROBERT E. LEE did unlawfully operate a motor vehicle when, as determined by a chemical test taken within four hours after the offense was committed, there was 0.10 percent by weight of alcohol in his blood or when there was 0.10 grams or more of alcohol per 210 liters of his breath. All of which is a class A misdemeanor offense being contrary to and in violation of AS 28.35.030(a)(2) and against the peace and dignity of the State of Alaska.

Instruction No. 19 then detailed the elements of the offense of DWI under the theory covered by AS 28.35.030(a)(2). The instruction provided, in relevant part:

In order for the state to establish the crime of driving while intoxicated as charged in Count III of the information, it is necessary for the state to prove beyond a reasonable doubt the following:

First, that the event in question occurred at or near Juneau and on or about December 18, 1985;

Second, that Robert E. Lee operated a motor vehicle; and

Third, that, as determined by a chemical test taken within four hours after the offense was committed, there was 0.10 percent by weight of alcohol in his blood or 0.10 grams or more of alcohol per 210 liters of his breath.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you shall find the defendant guilty of this charge.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you shall find the defendant not guilty of this charge.

Instruction No. 25, in turn, apprised the jury of the statutory presumptions governing Lee's .194 Intoximeter reading. The instruction provided, in relevant part:

Alaska law provides: upon the trial of a criminal action arising out of acts alleged to have been committed by a person while operating or driving a motor vehicle while intoxicated, you may, but are not required to, infer the following:

. . . .

(3) If there was 0.10 percent or more by weight of alcohol in the person's blood, or 100 milligrams or more of alcohol per 100 milliliters of the person's blood, or 0.10 grams or more of alcohol per 210 liters of the person's breath, that person was under the influence of intoxicating liquor.

In determining whether to accept or reject these inferences, you may consider all of the facts and circumstances in evidence as they relate to the defendant's condition at the time of the alleged offense.

These three instructions correctly stated the charge against Lee and were phrased in the precise language of the applicable statutory DWI provision. To this extent, there was nothing *per se* objectionable about the instructions. *See, e.g., Kalmakoff,* 715 P.2d at 262–63.

We note, however, that subsection (a)(2) of AS 28.35.030 is open to differing interpretations; the challenged instructions reflect the underlying statutory ambiguity. This ambiguity arises from the statutory reference to a blood or breath alcohol reading of .10 percent or more, "as determined by a chemical test taken within four hours after the offense was committed." The record makes it clear that the trial court interpreted AS 28.35.030(a)(2) to require the state to prove only that Lee's blood alcohol content was .10 percent or more when he was tested—not when he actually drove his car and was involved in the accident. The court viewed the challenged instructions as consistent with this interpretation, and it expressly precluded Lee from arguing that he could be acquitted of DWI

under subsection (a)(2) if his blood alcohol level was lower than .10 at the time of the accident.

The trial court's interpretation of subsection (a)(2) is potentially problematical. *See Erickson v. Anchorage*, 662 P.2d 963, 965–67 (Alaska App.1983). Under the circumstances of the present case, however, we need not decide whether the trial court's interpretation was erroneous, for it is clear in this case that any error was harmless.

The court's interpretation, and the challenged portions of Instruction Nos. 16, 19, and 25, plainly dealt only with Count III, which charged Lee with DWI under the theory that he drove with an elevated blood alcohol level, as stated in subsection (a)(2) of AS 28.35.030. Lee was separately and alternatively charged in Count II with committing DWI by driving while he was actually impaired by the alcohol he had consumed, in violation of AS 28.35.030(a)(1). He was convicted of DWI under both Counts II and III of the information.

Subsection (a)(1) of AS 28.35.030 plainly and unambiguously relates the time of impairment to the time of driving rather to the time of a subsequent breath test. Nothing in the trial court's instructions could have led the jury to convict under subsection (a)(1) unless it concluded that Lee was actually impaired by alcohol when he was involved in the collision. Nor could the trial court's comments out of the presence of the jury have reasonably led Lee's counsel to conclude that he was precluded from arguing that Lee was not actually impaired at the time of the accident. In fact, Lee's counsel did advance this argument to the jury.

■ Because the jury convicted Lee under both statutory theories of DWI, and because any error in the challenged instructions would apply only to one of the two altrernative theories, it follows that any error as to Count III was necessarily harmless. It is immaterial whether the jury might have decided that Lee's Intoximeter test did not accurately reflect his blood alcohol level at the time he was involved in the collision, since it independently found that Lee was actually impaired by alcohol at the time that he drove.[1]

■ Lee next contends that the trial court erred in admitting a videotape in which the victim reenacted her actions prior to being hit by Lee's car. Relying on *Love v. State*, 457 P.2d 622, 672–28 (Alaska 1969), Lee points out that the lighting, weather, and other conditions portrayed in the video are dissimilar to the conditions that existed at the time of the accident.

Unlike the situation in *Love*, however, the reenactment in the present case did not involve an experiment whose result was purported to be determinative of the issue of guilt or innocence. The disputed evidence here was presented merely for illustrative purposes. The jury was well aware of the various dissimilarities between the conditions in the video and the conditions at the time of the offense, and there is no reason to believe that it was incapable of deciding for itself the significance of those dissimilarities. We find no abuse of discretion in the trial court's decision to allow the video to be shown to the jury.

■ Lee also contends that the trial court erred in refusing to dismiss his case because the prosecution failed to preserve two traffic signs that were allegedly hit and broken off by his car as it drove off the shoulder of the highway. Lee argues that the signs were relevant to establish the precise path taken by his car as it left the roadway and that, had the signs been preserved, they might have been exculpatory. Lee claims that the state's failure to preserve the signs deprived him of his constitutional rights to due process and confrontation. *See Williams v. State*, 629

---

1. Moreover, any error would plainly relate only to the offense of DWI. To convict Lee of assault, the jury was required to find that his recklessness caused physical injury to the victim. Even assuming the challenged instruction would inappropriately have allowed the jury to find, based solely on his post-accident breath test, that Lee was guilty of DWI and therefore presumptively reckless, the jury would have had no logical basis for finding a causal nexus between the recklessness and the alleged injury unless it further concluded that the recklessness existed at the time of the accident.

P.2d 54, 63–64 (Alaska 1981); *Lauderdale v. State*, 548 P.2d 376, 381 (Alaska 1976).

In rejecting Lee's arguments below, Judge Pegues found that Lee had failed to make a timely request to preserve the signs and that the signs would in any event not have been exculpatory. In support of these conclusions, Judge Pegues made extensive factual findings. On appeal, Lee has failed to demonstrate that the factual findings entered below are clearly erroneous. We find no error in the denial of Lee's motion to dismiss. *See Catlett v. State*, 585 P.2d 553 (Alaska 1978).

■ Lee argues that the court erred in allowing the prosecution to present testimony establishing that the troopers gave Lee a sample of his breath for independent testing. The prosecution was allowed to argue that Lee's failure to present evidence concerning the results of the independent tests of this sample indicated the accuracy of the Intoximeter test.

■ While the propriety of admitting the challenged evidence may be questionable, any error is clearly harmless. At trial, overwhelming evidence was presented to establish that Lee was under the influence of intoxicating liquor when contacted by the troopers following his arrest. In his own testimony, Lee acknowledged consuming a substantial quantity of alcoholic beverages. Lee did not seriously dispute the accuracy of the Intoximeter test or of the preliminary breath test that preceded it. To the extent that Lee raised any issue with respect to his intoxication, that issue was related to his condition at the time of the offense, as opposed to his condition

when actually tested. Lee's testimony and evidence tended to support the conclusion that he had consumed alcohol shortly before becoming involved in the accident and that the alcohol did not begin to have any appreciable effect on him until after the troopers arrived at the accident scene. Under the circumstances, the prejudicial impact of the disputed evidence was negligible.[2]

Lee's final claim is that his sentence of four years with three years suspended for assault is excessive. Assault in the third degree is a class C felony, punishable by a maximum sentence of five years, with a presumptive sentence of two years for a second felony offender. AS 11.41.220(b); AS 12.55.125(e)(1). Lee was a first felony offender.

■ On appeal, Lee contends that the sentencing court did not follow the sentencing guidelines established in *Austin v. State*, 627 P.2d 657 (Alaska App.1981). He argues that the court imposed a more severe sentence than would have been appropriate if Lee was a third felony offender. In *Austin*, we held that a first offender should normally receive a more favorable sentence than the presumptive term for a second offender. In applying *Austin*, however, this court focuses on the period of actual incarceration, excluding suspended periods of imprisonment. *Tazruk v. State*, 655 P.2d 788, 789 (Alaska App.1982). Lee received only one year of unsuspended imprisonment. The presumptive sentence for a second felony offender convicted of assault in the third degree is two years. Lee's sentence did not violate the *Austin* rule.

---

**2.** This same rationale applies to Lee's separate claim that the court erred in allowing the jury to hear a comment made by a trooper on the videotape of Lee's field sobriety test. The comment purportedly vouched for the accuracy of the Intoximeter test. The prejudicial effect of this comment would at most have been minimal. Judge Pegues concluded that a greater possibility of prejudice would have been created by attempting to adjust the volume of the video playback to delete the remark than by allowing the jury to hear the remark. The conclusion is not clearly erroneous.

Lee raises two additional claims that require only summary attention. He argues that the

court erred in admitting a trooper's written synopsis of a statement made by the victim to the troopers. Lee claims that the synopsis was hearsay. This argument is without merit, since the synopsis was admitted for testimonial completeness in connection with a question that arose concerning whether the victim had made prior inconsistent statements. *See* A.R.E. 801(d)(1)(A), (B).

Lee also claims that the court erred in its decision to allow Trooper Monsen to express an opinion on the path taken by Lee's car as it left the roadway. We find no abuse of discretion. *See* A.R.E. 701.

**1046**

Lee also argues that the sentencing court should have followed the presentence report's recommendation by suspending the imposition of his sentence. Lee was forty-eight years of age at the time of sentencing, he had no prior criminal convictions, and he was considered to be a hard working, conscientious person. The presentence report indicated that Lee expressed sincere remorse for the harm caused to his victim.

Although aware of these favorable considerations, Judge Pegues nevertheless found that Lee's conduct was particularly serious because it approached conduct constituting a first-degree assault. The judge found that the victim's injuries were crippling and potentially permanent. Relying on testimony by the author of the presentence report, Judge Pegues also found that Lee had a significant alcohol problem, which he only partially acknowledged. Finally, the evidence at trial indicated that Lee's ability to drive was substantially impaired at the time of the accident. Lee was not even aware that he had run over a person until another motorist arrived at the scene and discovered the victim pinned under Lee's car.

Based on these factors, Judge Pegues concluded that a suspended imposition of sentence was not appropriate in Lee's case and that a substantial period of imprisonment was required. The sentencing court has primary responsibility for determining the priority and relationship of applicable sentencing goals. *Asitonia v. State*, 508 P.2d 1023, 1026 (Alaska 1973). Here, the sentencing court's decision not to give rehabilitation overriding and exclusive emphasis was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The conviction and sentence are AFFIRMED.