734 So.2d 14 (1999)
STATE of Louisiana
v.
Barry LUGAR.
No. 99 KW 0142.
Court of Appeal of Louisiana, First Circuit.
January 26, 1999.
Writ Denied January 26, 1999.
*15 Tracey Ewing, Assistant District Attorney, for respondent State of Louisiana.
W. Dale Behan, Anthony Bertucci, Baton Rouge, for relator Barry Lugar.
BEFORE: FOIL, KUHN and WEIMER.
PER CURIAM.
On January 22, 1999, this court denied Barry Lugar's application for supervisory writs and indicated a written opinion would follow.
Mr. Lugar alleges he is charged with driving while intoxicated third offense. In advance of trial, he filed a motion in limine asking the court to exclude evidence of the prior DWI convictions until after the jury has had the opportunity to determine whether he is guilty of the instant DWI. There is no indication in the writ application that the state's evidence of the two prior DWI convictions will include references to any other DWI convictions. After hearing argument, the trial court denied his motion. Mr. Lugar seeks review of that ruling in this writ application.
As relator, Mr. Lugar argues the trial should be bifurcated, with the jury first hearing evidence on the instant DWI. If the jury finds him guilty, then the state would present evidence of the previous convictions and the jury would make the ultimate finding of guilt or innocence. Relator suggests the presumption of innocence is severely compromised if evidence of the two prior convictions is presented to the jury before the jury has determined he is guilty of the current DWI. Relator also argues the limited probative value of the evidence is substantially outweighed by the danger of unfair prejudice and, thus, the evidence is inadmissible under La. Code Evid. art. 403. The issue presented, therefore, in this writ application is whether a defendant charged under La. R.S. 14:98 with DWI third offense is entitled to a bifurcated trial on the issues (1) guilt of DWI and (2) whether the prior convictions are factually and legally proven.
The Louisiana Supreme Court repeatedly has written that prior DWI convictions used by the state in a repeat offender prosecution under La. R.S. 14:98 are essential matters of proof at the trial. State v. Rolen, 95-0347 (La.9/15/95), 662 So.2d 446. Where an accused is charged as second, third, or fourth DWI offender, the information or indictment must allege the prior convictions. If trial is by jury, the indictment charging the multiple offenses must be read to the jury. Furthermore, prior offenses must be proved as part of the state's case. Otherwise the conviction would be set aside. State v. Franklin, 461 So.2d 640, 643 (La.App. 1st Cir.1984) (quoting State v. Neal, 347 So.2d 1139, 1141 (La.1977)).
*16 Relator relies on jurisprudence from other states in support of his argument. Although the Louisiana Code of Criminal Procedure provides for a bifurcated sentencing phase in capital cases, there is no procedure in Louisiana for having a bifurcated trial in a DWI third or fourth offense case. For these reasons, relator's writ application is denied.