William B. OSTLUND, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7787.

Court of Appeals of Alaska.

July 26, 2002.

---

Bill D. Murphree, Bill D. Murphree, P.C., and Robert John, Law Office of Robert John, Fairbanks, for Appellant.

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

COATS, Chief Judge.

A jury convicted William B. Ostlund of felony driving while intoxicated (DWI)[1] and driving with a revoked operator's license.[2] He raises two issues on appeal: (1) whether the trial judge erred when she denied his motion to bifurcate the trial so the jury would not hear evidence of his prior convictions before deliberating on the current DWI allegation and (2) whether the trial judge

1. AS 28.35.030(a), (n).

2. AS 28.15.291(a).

3. AS 28.35.030(n), (o)(4). Alaska Statute 28.35.030(n) states: "A person is guilty of a class C felony if the person is convicted of driving

erred in failing to give a jury instruction regarding photographs he contends the police might have taken at the scene of his alleged offense. We reverse Ostlund's convictions because we find the trial court erred when it did not bifurcate Ostlund's trial. However, we find no error in the trial judge's refusal to give the proposed jury instruction regarding the photographs.

*Ostland's motion to bifurcate his felony DWI trial*

A defendant commits felony DWI when he drives while intoxicated and has two or more prior convictions for DWI or refusal to submit to a chemical test within the past five years.[3] The state charged Ostlund with felony DWI for driving while intoxicated while having two prior DWI convictions within the past five years. Prior to trial, Ostlund argued that presenting evidence of his prior convictions to the jury would prejudice the jury in reaching a decision about whether he had committed his current DWI offense. He argued that the court should have the jury only determine whether he had committed the present offense of driving while intoxicated. He agreed to stipulate to the two prior convictions if the jury convicted him of driving while intoxicated. Superior Court Judge pro tem Jane F. Kauvar denied Ostlund's request. As a result of Judge Kauvar's ruling, the parties stipulated to the two prior DWI convictions and Judge Kauvar advised the jury of Ostlund's prior convictions. Following the presentation of evidence, the jury convicted Ostlund of felony driving while intoxicated.

In *State v. McLaughlin*,[4] this court discussed the prejudice that could accrue to a defendant from introducing his prior convictions in a case where the prior convictions are an element of the offense:

Both in Alaska and elsewhere, courts have recognized that evidence concerning

while intoxicated and has been previously convicted two or more times within the five years preceding the date of the present offense."

4. 860 P.2d 1270 (Alaska App.1993).

the number and nature of a defendant's prior convictions can pose a serious risk of prejudice when introduced in a case in which a prior conviction is an element of the offense charged. For this reason, appellate courts have generally agreed that the trial court has broad discretion to limit the amount of evidence allowed on the issue and to regulate the form in which it is presented, particularly when the defendant does not dispute the prior conviction's existence.[5]

McLaughlin was charged with the offense of felon in possession (possession of a concealable firearm by a previously convicted felon).[6] He sought to keep the state from presenting evidence of his prior conviction to the jury, fearing that the jury might be prejudiced against him because he had a prior felony conviction.[7] McLaughlin offered to stipulate to his prior conviction and have the court withdraw the prior conviction element from the jury. The trial judge agreed with McLaughlin and ruled that the jury would decide only the issue of whether McLaughlin knowingly possessed a concealable firearm—McLaughlin's criminal history would be inadmissible unless it somehow became relevant to other issues arising during the course of the trial.[8]

The state filed a petition for review to this court. The state argued that McLaughlin's prior felony conviction was an element of McLaughlin's offense and the trial court had no authority to prevent the state from presenting evidence of this element to the jury. We accepted the state's petition for review, and a majority of this court reversed the trial court's decision.[9]

The court stated that the issue was close.[10] The court reasoned that, if the issue was strictly an evidentiary matter, a strong case could be made to exclude McLaughlin's prior conviction.

In most cases, however, once the defendant concedes the prior conviction element, evidence of prior convictions would have no evidentiary relevance except to establish the defendant's general propensity to commit crimes—an impermissible, and therefore illegitimate, purpose under Alaska Rule of Evidence 404(b)(1).[11]

But the court concluded that other policy arguments supported the government's introduction of evidence to prove McLaughlin had prior felony convictions.[12] The court reasoned that if the jury was only allowed to act as a fact-finder to determine whether McLaughlin had possessed a firearm, the jury might be left with the inaccurate impression that McLaughlin was being prosecuted for conduct that was not unlawful.[13] Because possession of a concealable firearm is generally legal, the government's prosecution of McLaughlin only made sense because he was a convicted felon. The court concluded that it was necessary for the jury to understand why it was convicting or acquitting the defendant for the jury to properly fulfill its role in the criminal justice system.[14]

The court specifically limited its decision to cases where the defendant's conduct was conduct that was ordinarily lawful but became unlawful because the defendant had a prior felony conviction:

> We further note that our decision addresses only the specific circumstances of this case, in which the charged offense consists of conduct that is ordinarily lawful, which is rendered unlawful only because of the defendant's prior conviction of a felony. By contrast, other types of crimes that include the existence of a prior felony conviction as an element deal with conduct that is already independently unlawful; in such cases, the prior-conviction element

5. *Id.* at 1272 (footnote omitted).

6. *Id.* at 1271.

7. *Id.* at 1272.

8. *Id.*

9. *Id.* at 1278.

10. *Id.* at 1273.

11. *Id.*

12. *Id.* at 1273–74.

13. *Id.* at 1274.

14. *Id.* at 1276–77.

serves only to enhance the seriousness of the offense.

. . .

In this latter type of case, failing to inform the jury of the prior-conviction element arguably entails few of the problems presented in the former type of case[.] [15]

In *Ross v. State*,[16] we addressed the kind of offense we had reserved judgment on in *McLaughlin;* an offense where the defendant's conduct, driving while intoxicated, was independently unlawful and where the defendant's prior convictions served only to enhance the seriousness of the offense.[17]

Ross contended that his prior DWI convictions were strictly a matter for the court to consider at sentencing rather than an element of felony DWI.[18] He contended that because his prior convictions were not an element of the offense, it was improper for the trial court to allow the jury to hear evidence of his prior DWI convictions. He did not otherwise suggest to the trial court any specific procedures to protect himself from any unfair prejudice caused by the jury considering his prior convictions. We held that the prior convictions are an element of felony DWI.[19] We declined to find that the trial judge committed plain error by allowing the jury to consider both Ross's prior convictions and his DWI offense simultaneously. We recognized the prejudice that might result from having the court inform the jury that the defendant had committed the identical offense on prior occasions, and we recommended to judges that they bifurcate felony DWI trials:

> Another way of dealing with this problem—one that we recommend to judges in the future—is to bifurcate the trial. In a bifurcated trial, the jury would first decide whether the defendant was guilty of driving while intoxicated on the date specified in the indictment; if the jury found the defendant guilty, the same jury would then decide the issue of the defendant's prior convictions. This solution would preserve both parties' right to a jury determination of all issues, while at the same time avoiding the potential for unfair prejudice that would otherwise be posed by evidence of the defendant's prior convictions. Moreover, this solution works equally well regardless of whether the defendant is willing to stipulate to the prior convictions or wishes to contest them.[20]

We also pointed out that, if the defendant and the state were willing to waive jury trial on the prior-convictions element of felony DWI, then this element could be tried to the court.[21]

■ We fail to see why Judge Kauvar did not agree to this procedure. The state never argued that Ostlund's prior offenses were relevant for any purpose other than to establish that his driving while intoxicated offense was a felony. By holding a unitary trial in which the state was allowed to present evidence that Ostlund had two prior convictions for DWI, the judge unnecessarily presented the jurors with information that could have unfairly prejudice their deliberations. Having heard that Ostlund had committed DWI on two prior occasions, the jury might have used this information for the purpose prohibited by Evidence Rule 404(b)(1): to infer that Ostlund was a person who characteristically drove while intoxicated, thus making it more likely that he was guilty of the current DWI charge.

We note that the majority of jurisdictions considering this issue have created procedures for the trial court to try the felony DWI without the jury being informed of the prior convictions during its consideration of the current DWI offense.[22] Those jurisdic-

---

**15.** *Id.* at 1278 n. 15 (citations omitted).

**16.** 950 P.2d 587 (Alaska App.1997).

**17.** *Id.* at 591.

**18.** *Id.* at 589–90.

**19.** *Id.* at 590.

**20.** *Id.* at 591–92.

**21.** *Id.* at 592.

**22.** *Peters v. State*, 286 Ark. 421, 692 S.W.2d 243, 245 (1985) (requiring a bifurcated trial); *Barker v. State*, 52 Ark.App. 248, 916 S.W.2d 775, 776 (1996); *State v. Rodriguez*, 575 So.2d 1262, 1266 (Fla.1991), *modified in part by State v. Harbaugh*, 754 So.2d 691 (Fla.2000) (requiring a bifurcated trial); *State v. Wiggins*, 96 Idaho 766, 536 P.2d 1116, 1118 (1975) (approving use of a bifurcated

tions have concluded that the *Ross* recommendations (*i.e.*, bifurcation, stipulation, or waiver) are the proper ways to try felony DWI offenses to protect a defendant from being unfairly prejudiced by evidence of his earlier DWI convictions.

> [A]bsent the bifurcated process, the jury is directly confronted with evidence of the defendant's prior criminal activity and the presumption of innocence is destroyed and ... if the presumption of ... [innocence] is destroyed by proof of an unrelated offense, it is [all the] more easily destroyed by proof of a similar related offense.[23]

Accordingly, we conclude that Judge Kauvar abused her discretion by failing to adopt the procedures we recommended in *Ross*. We therefore reverse Ostlund's convictions.

*Ostlund's request for a jury instruction that absent photographs should have been presumed to favor him*

Ostlund argues that Judge Kauvar erred in failing to give an instruction concerning some photographs he contends the police might have taken at the scene of his alleged DWI offense. Ostlund argues the court should have instructed the jury that, if the jury found the police had taken and failed to preserve photographs from the scene of the

alleged DWI offense, the jury should assume the missing evidence would have been favorable to the defendant. But the sole evidence that photographs were taken at the scene was a "checked" box on the police report stating that the officers took photographs of the scene. The testimony at trial was that the troopers had not taken any photographs and that the checked box on the police report was probably a clerical error.

After hearing the evidence, Judge Kauvar refused to give Ostlund's proposed instruction. She concluded that the police had not taken any photographs. She also concluded that even if photographs existed, there was no evidence that they would have been relevant to resolving any contested fact.

■ We conclude Judge Kauvar did not err in determining that the evidence indicated the police did not take any photographs and that, even if photographs had been taken, they would not have been relevant to determining any contested fact. In *Catlett v. State*,[24] the Alaska Supreme Court held that even though the police lost or destroyed photographs of the crime scene, the defendant was not prejudiced when the record showed that the photographs would have been cumu-

---

trial); *State v. Berkelman*, 355 N.W.2d 394, 396–97 (Minn.1984) (requiring trial court to accept defendant's offer to stipulate to prior DWI offenses if the court finds unfair prejudice under Rule 403); *State v. Saul*, 434 N.W.2d 572, 574–75 (N.D.1989) (if defendant offers to stipulate to prior convictions, defendant is only tried on underlying DWI and prior convictions are not disclosed to jury); *State v. Winters*, 34 Or.App. 157, 578 P.2d 439, 441 (1978) (statute requires court to accept defendant's timely offer to stipulate regardless of state's consent and prohibits disclosure of prior convictions to jury); *State v. White*, 338 S.C. 56, 525 S.E.2d 261, 262–63 (App.1999); *State v. Anderson*, 318 S.C. 395, 458 S.E.2d 56, 59 n. 2 (App.1995) (statute prevents trial court from disclosing stipulation of prior conviction to jury); *State v. Florez*, 777 P.2d 452, 459 (Utah 1989) (in first-degree murder trial with prior conviction as element of the offense, bifurcated trial required); *State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310, 322–23 (1999) (trial court required to accept defendant's offer to stipulate regardless of state's consent, and prior convictions cannot be disclosed to jury; trial court should bifurcate trial if defendant's challenge of prior convictions is meritorious); *State v. Alexan-*

*der*, 214 Wis.2d 628, 571 N.W.2d 662, 664 & 672 (1997) (if defendant stipulates to prior convictions, trial court cannot disclose them to jury). *But see State v. Geschwind*, 136 Ariz. 360, 666 P.2d 460, 462 (1983); *State v. Superior Court*, 176 Ariz. 614, 863 P.2d 906 (App.1993); *State ex rel. Romley v. Superior Court*, 195 Ariz. 9, 985 P.2d 494, 496–97 (1999) (requiring a unitary trial on all elements, including element of prior DWI convictions); *Weaver v. State*, 713 So.2d 860, 865 (Miss.1997); *Nicholson v. State*, 761 So.2d 924, 928–29 (Miss.App.2000) (same); *State v. Lugar*, 734 So.2d 14, 15 (La.App.1999) (same); *Tamez v. State*, 11 S.W.3d 198, 202 (Tex.Crim.App.2000) (if defendant stipulates to prior convictions state may read existence of prior convictions as part of indictment at beginning of trial but may not present evidence of prior convictions during trial).

**23.** *State v. Harbaugh*, 754 So.2d 691, 693 (Fla. 2000) (original citation and quotation marks omitted); *see also State v. Nichols*, 208 W.Va. 432, 541 S.E.2d 310, 322 n. 20 & 324 (1999) (quoting our decision in *Ross* with approval).

**24.** 585 P.2d 553 (Alaska 1978).

lative of other available evidence.[25] In *Lee v. State*,[26] this court held that even if the police failed to preserve two traffic signs that were allegedly hit and broken off by the defendant's car, the defendant failed to show prejudice in light of the fact the trial judge found that, under the circumstances, the signs would not have been exculpatory.[27] We conclude that Judge Kauvar did not abuse her discretion in refusing to give Ostlund's proposed instruction.

### Conclusion

Ostlund's request for bifurcation should have been granted. For this reason, his convictions are REVERSED. However, assuming Ostlund is retried, we uphold Judge Kauvar's decision to reject Ostlund's proposed instruction regarding the photographs.

MANNHEIMER, Judge, concurring.

I agree that Ostlund's trial should have been bifurcated, but I am writing separately to more fully explain our stand on this issue.

Judge Coats begins his substantive discussion of the bifurcation issue with a quotation from *State v. McLaughlin*.[1] In this passage from *McLaughlin*, this court acknowledged that a trial judge has "broad discretion" when formulating the rules that will govern the admission of evidence of a defendant's prior convictions.[2] But a dozen paragraphs later, Judge Coats concludes that Ostlund is entitled to a new trial because his trial judge did not follow a procedure that we recommended—but did not mandate—in *Ross v. State*, 950 P.2d 587, 592 (Alaska App.1997). If trial judges have broad discretion in this area, why are we substituting our judgement for the trial judge's? Why do we conclude that Ostlund's judge abused her discretion when she declined to bifurcate the trial?

As we indicated in *McLaughlin*, the answer lies in the balancing of two competing principles. One is the law's traditional ban on "propensity" evidence—the use of a defendant's other crimes to prove the defendant's character. The other is the law's insistence that jurors be apprised of all the relevant facets of the episode and the conduct that they are being asked to judge.

### Our decision in State v. McLaughlin

When a jury hears evidence that a defendant has previously committed the same crime currently charged against him, there is a danger that the jurors will view the defendant's past crimes as evidence that the defendant is a person who characteristically engages in this type of criminal behavior—and that the jurors will presume the defendant's guilt from the fact that the defendant has done it before. This is why Alaska Evidence Rule 404(b)(1) bars evidence of a defendant's other wrongdoings when this evidence has no relevance other than to prove the defendant's characteristic tendency to engage in crime, thus circumstantially tending to show that the defendant committed the crime being litigated.[3]

When a defendant is charged with an offense that requires proof of prior convictions, one might reasonably contend that the situation is different because, in these circumstances, the defendant's prior crimes have a relevance outside the normal ban on character evidence. But the question presented is also different: not whether evidence of the defendant's past crimes is to be excluded completely, but rather whether this evidence should be presented in a separate portion of the trial.

In *McLaughlin*, we acknowledged that even though Evidence Rule 404(b)(1) technically does not apply to this situation, the policy of Rule 404(b)(1) strongly suggests that the issue of the defendant's prior convictions should be segregated from the other issues in the case, at least when the defendant is willing to concede the prior convictions:

---

25. *Id.* at 557–58.

26. 760 P.2d 1039 (Alaska App.1988).

27. *Id.* at 1044–45.

1. 860 P.2d 1270 (Alaska App.1993).

2. *See id.* at 1272.

3. *See Smithart v. State*, 946 P.2d 1264, 1270–71 (Alaska App.1997), *reversed on other grounds*, 988 P.2d 583 (Alaska 1999).

From the narrow standpoint of evidentiary relevance[,] a strong case can be made that the evidence of [a defendant's] prior convictions should ... be excluded. The specific circumstances of some felon-in-possession cases might give the state legitimate reasons to introduce evidence of [the defendant's] prior convictions even though the defendant is willing to concede the prior—conviction element. In most cases, however, once the defendant concedes the prior-conviction element, evidence of prior convictions would have no evidentiary relevance except to establish the defendant's general propensity to commit crimes—an impermissible, and therefore illegitimate, purpose under Alaska Rule of Evidence 404(b)(1).

*Id.* at 1273.

But despite this potential for unfair prejudice, we rejected bifurcation in *McLaughlin.* The defendant in *McLaughlin* was charged with the crime of being a "felon in possession"—*i.e.,* possessing a concealable firearm after having been convicted of a felony.[4] We concluded that when a defendant stands trial for this charge, the policy of Rule 404(b)(1) is outweighed by the competing policy of having the jury fully informed concerning the crime they are asked to judge.

As we pointed out in *McLaughlin,* "[t]he jury's historical role in our criminal justice system is more than that of fact finder: the jury has always served as the vehicle of community conscience in the courtroom".[5] Because of this, evidence of the defendant's other crimes should be admitted (despite its potential for unfair prejudice) when this evidence is needed for the jury's complete understanding of the defendant's alleged present wrongdoing. "Essential to the jury's ability to fulfill its traditional role is its full understanding of the cause at issue—the wrongdoing for which the accused has been held to answer."[6] *McLaughlin* explains this principle at some length:

Without full knowledge of the nature of the crime, the jury cannot speak for the people or exert their authority. If an element of the crime is conceded and stripped away from the jury's consideration, the jurors become no more than factfinders. The jury must know why it is convicting or acquitting the defendant, because that is simply how our judicial system is designed to work.

The issue is one transcending a jury's ability to determine guilt or innocence in any individual case. It implicates the public's trust in our system of criminal justice. If those in the inner sanctum of the criminal justice system—the judge, the prosecutor, and defense counsel—cloister to themselves the true nature of a criminal prosecution, jurors will inevitably sense manipulation: that they are participants in a game of justice whose rules are beyond their trust. The system's distrust of jurors will eventually mirror back upon the court in the form of public suspicion. Citizens called upon to serve as jurors will bring with them, not a healthy skepticism toward the prosecutor's power, but a subversive distrust of the legal process itself.

*McLaughlin,* 860 P.2d at 1277.[7]

Normally, possession of a handgun is not a crime. The defendant's prior felony is the circumstance that makes possession of the handgun illegal. We therefore concluded in *McLaughlin* that when a defendant is charged with violating the felon-in-possession statute, the jury must be told of the defendant's prior felony conviction, regardless of whether this element is actually disputed— "for without knowing the true nature of the charges, the jury is deprived of context for its consideration of the issues actually in dispute."[8]

*Evidence of a defendant's past wrongdoing when it is relevant to establish the nature or context of the defendant's present conduct*

*McLaughlin* can be viewed as one of a series of Alaska cases recognizing the princi-

---

**4.** AS 11.61.200(a)(1).

**5.** *Id.* at 1276.

**6.** *Id.* at 1277.

**7.** The first paragraph of this passage is quoted from *United States v. Gilliam,* 994 F.2d 97, 101 (2nd Cir.1993).

**8.** *McLaughlin,* 860 P.2d at 1277.

ple that evidence of a defendant's past wrongdoing may be needed in order for the jury to properly understand the nature or context of the defendant's present conduct. In such circumstances, the evidence of past wrongdoing is admissible despite the restriction codified in Evidence Rule 404(b)(1).

For instance, in *Dulier v. State*, 511 P.2d 1058 (Alaska 1973), the defendant was charged with complicity in a murder that was physically perpetrated by two of his housemates. The State's theory was that Dulier, through a long pattern of physical and mental abuse, established psychological control over the other people living in the house—to the point that two of them were willing to commit homicide if Dulier ordered it.[9] The supreme court concluded that the State was properly allowed to introduce evidence of Dulier's past acts of coercion and abuse to establish his relationship to the other people in the house—and, thus, his complicity in the murder:

> [W]e hold that the probative value of the evidence of the [defendant's] previous uncharged offenses outweighed any possible prejudicial impact .... The evidence tended to show Dulier's control and domination of the other occupants of the apartment. It proved his complicity in the unlawful killing. Because the evidence completed the picture and set the stage for the offense being tried, it was admissible.

*Id.* at 1061.

Similarly, in *McKee v. State*, 488 P.2d 1039 (Alaska 1971), the supreme court upheld the admission of evidence that the defendant had previously assaulted and raped one of the State's witnesses:

> It is true that such evidence normally would be excluded because it would not tend to establish a proposition material to appellant's guilt. However, as we held in *Kugzruk v. State*, 436 P.2d 962, 967 (Alaska 1968), "evidence is admissible when it tends to complete the picture or set the stage for the crime for which the defendant is being tried."
>
> An eye witness to an event should be permitted to testify in a natural manner

about what he observed. This ordinarily includes such background facts as where the witness was, how he happened to be there, and what interrelationship he may have had with other persons present at the event about which the witness testifies. Otherwise the testimony of the witness may seem distorted, improbable, or incredible to some degree. To strip away such background evidence may well result in an artificial or false picture of what occurred.

*Id.* at 1041–42.

See also *Braham v. State*, 571 P.2d 631 (Alaska 1977), an attempted murder prosecution in which the State's theory was that Braham hired another man, Jeffrey Koelzer, to murder one of Braham's enemies. The supreme court ruled that the trial judge properly allowed the State to introduce evidence suggesting that Braham had been involved in previous attempts on the victim's life:

> An inference that the jury might well have drawn from this [evidence was] that Braham had something to do with the two prior attempts on Peterson's life. To this extent, the evidence had a prejudicial effect. But this must be weighed against its probative value. The purpose and effect of Koelzer's testimony was not to prove that Braham was guilty of two prior attempts on Peterson's life. Rather, it was introduced for the purpose of showing that, since such incidents figured heavily in conversations between Braham and Koelzer, and Braham had knowledge of the attempts and gave them his moral support, Koelzer's testimony that Braham wanted Peterson killed would be credible. At the trial, this issue was hotly disputed by Braham.
>
> The evidence in question would tend to show that it was not unbelievable, as Braham contended, that Braham had hired Koelzer to kill Peterson. The record demonstrates that the evidence of prior attempts was so integrated into the story of this crime, that to exclude it would have made the factual setting of this crime incomprehensible to the fact finder. Thus

9.  *See id.* at 1059–1060.

the need to admit this evidence was great, and it had the permissible effect of completing the picture or setting the stage of the crime for which Braham was being tried—the attempted murder of Peterson. There was no error in admitting such evidence.

*Id.* at 640–41.

Although our decision in *McLaughlin* can be viewed as standing on the same principle as the decisions in *Dulier, McKee,* and *Braham,* our holding in *McLaughlin* is different in one key respect. In *McLaughlin,* we announced a rule that governs all prosecutions for felon in possession of a concealable weapon. We held that, in every such case, the jurors need to be apprised of the defendant's prior felony conviction because they need to know why they are being asked to hold the defendant criminally liable for possessing a handgun. *Dulier, McKee,* and *Braham,* on the other hand, do not stand for the proposition that evidence of a defendant's prior wrongdoing is automatically admissible whenever it is relevant to establish the nature or context of the defendant's present conduct. Normally, when the government seeks to introduce this type of evidence, a trial judge must still follow the directive of Evidence Rule 403, balancing the probative force of this evidence against the danger that it will unfairly prejudice the jury's deliberations. *McLaughlin* dictates the result of this Rule 403 balancing in a specific recurring situation.

*Evidence of prior DWI convictions in a prosecution for felony DWI*

*McLaughlin* dealt with a prosecution for felon in possession of a concealable firearm. In such cases, the defendant's underlying conduct is unlawful only because the defendant has a prior felony conviction. In *McLaughlin,* we ruled that the jurors need to know about the prior conviction in order to properly discharge their duties.

But Ostlund was prosecuted for felony driving while intoxicated. In such a prosecution, the defendant's alleged underlying conduct—driving while intoxicated—is a crime in itself.[10] The offense is elevated to a felony if the defendant has two or more prior convictions for DWI or breath-test refusal within the preceding five years[11], but these prior convictions do not alter the legality (or, more precisely, the illegality) of the defendant's underlying conduct. Does it therefore follow that the jurors need not be told about the defendant's prior convictions until after they have decided whether the defendant is guilty of driving while intoxicated on the present occasion? The answer is: it depends.

We addressed this topic in *Tallent v. State,* 951 P.2d 857 (Alaska App.1997). *Tallent* involved a prosecution for felony theft under AS 11.46.130(a)(6). This statute, like the felony DWI statute, raises misdemeanor theft to a felony if the offender has two or more prior misdemeanor theft convictions within the preceding five years. The question in *Tallent* was whether the trial judge should exclude all evidence of the defendant's prior misdemeanor thefts until after the jury has decided whether the defendant is guilty of theft on the present occasion.

Tallent argued that a trial judge should have the power to exclude all evidence of a defendant's prior crimes "whenever the existence of the prior crimes only enhances the seriousness of the current charge, and the defendant's conduct on the current occasion is independently unlawful".[12] But we noted that such a rule would potentially create the same legal problem as the bifurcated trial procedure that we disapproved in *McLaughlin.* That is, it would allow a trial judge to artificially segregate certain aspects of the government's case, thereby keeping the jury ignorant of the true nature and context of the defendant's actions—and thus reducing the jurors to mere "factfinders" rather than allowing them to "serve[ ] as the vehicle of the community conscience".[13]

Criminal offenses often require proof of facts that can potentially sway the emotions of jurors or lead them to return a

---

**10.**  *See* AS 28.35.030(a).

**11.**  *See* AS 28.35.030(n).

**12.**  *Id.* at 863.

**13.**  *McLaughlin,* 860 P.2d at 1276.

verdict based on improper considerations. For instance, under AS 11.41.500(a)(3), unarmed robbery becomes robbery in the first-degree if the robber causes serious physical injury to any person. Depending upon the severity of the injury (if, for example, the victim was maimed or permanently disfigured), such evidence might conceivably lead the jury to decide the case based on outrage at the injury suffered by the victim, rather than demanding that the government meet its full burden of proof. Tallent's argument implies that a defendant who is prosecuted for first-degree robbery under 500(a)(3) should be able to stipulate to the victim's injury and then demand that the trial judge (1) bar the government from introducing any evidence of the injury and (2) withhold the issue of serious physical injury from the jury. Since robbery is a crime whether or not the robber inflicts injury, the defendant's infliction of serious physical injury "only enhances the seriousness of ... conduct [that is] independently unlawful". Under Tallent's reasoning, the trial judge could confine the jury to deciding whether the defendant committed second-degree robbery. However, we are aware of no legal authority to support this outcome.

*Tallent*, 951 P.2d at 863.

One could argue that a prosecution for felony theft (as in *Tallent*) or a prosecution for felony DWI (as in Ostlund's case) does not raise these same problems. For example, in prosecutions for felony DWI, often the defendant's prior convictions for DWI or breath-test refusal are relevant only to prove the "prior convictions" element of the offense and are not otherwise relevant to explaining the nature or context of the defendant's current misconduct. In such instances, if the trial judge decides to keep the jury insulated from evidence of these prior crimes, the jurors can still make an informed decision regarding the currently charged DWI. Indeed, in such instances, evidence of the defendant's prior crimes would only add an element of unfair prejudice to the evidentiary mix—the inference from character that is forbidden by Evidence Rule 404(b)(1).

But not all felony DWI prosecutions fit this mold. There will be times when a defendant's prior commission of DWI or breath-test refusal will be relevant for some valid purpose other than merely to establish the "prior convictions" element of the offense. Both this court and the Alaska Supreme Court have encountered analogous cases. In *Shane v. Rhines*, 672 P.2d 895 (Alaska 1983), the supreme court suggested that a defendant's past history of driving while intoxicated might be relevant to establish the defendant's *mens rea*—to establish that the defendant's current act of drinking and driving amounted to "reckless indifference to the [safety] of [others]".[14] This court acknowledged the same potential theory of relevance in *Abruska v. State*, 705 P.2d 1261 (Alaska App.1985). We said:

> [Abruska] contends that ... the legislature intended to permit evidence of a person's past experience when intoxicated to the extent that it would be relevant to show his appreciation of the risks he presented to others when he was intoxicated. *See, e.g., Shane v. Rhines*, 672 P.2d 895, 899 n. 3 (Alaska 1983). We generally agree ... that the statutory limitations on the use of evidence of intoxication to show diminished capacity ... would not prevent evidence by either the prosecution or the defense that the person's past experiences while drunk would or would not have alerted him to the risks that he presented to others when intoxicated.

*Id.* at 1263–64.

We applied this theory of relevance in *Jansen v. State*, 764 P.2d 308 (Alaska App. 1988). The defendant in *Jansen* was charged with manslaughter and assault for killing one person and injuring another when he drove a motor vehicle while intoxicated. At trial, Jansen disputed the *mens rea* of these two crimes (the culpable mental state of recklessness). To rebut Jansen's assertion that he had not acted recklessly, the trial judge allowed the State to introduce evidence that Jansen had twice previously been convicted of DWI—thus tending to show that Jansen was subjectively aware of the risk he

14. *Id.* at 899 n. 3.

took when he drank alcoholic beverages knowing that he would be driving.[15] This court concluded that the trial judge's ruling was a proper exercise of discretion under Evidence Rule 403.[16]

Thus, a felony DWI defendant's prior offenses will sometimes be independently relevant (*i.e.*, relevant for a purpose other than to prove the "prior convictions" element of the offense), and sometimes not. This fact, coupled with the balancing test mandated by Evidence Rule 403, means that no one rule will fit all cases. Thus, felony DWI prosecutions are not amenable to a uniform solution like the one we adopted in *McLaughlin* to govern felon in possession cases.

If evidence of the defendant's prior crimes is independently relevant, and if the trial judge performs the balancing mandated by Rule 403 and concludes that evidence of these crimes should be admitted, then bifurcation is no longer an issue. The judge will have concluded that the jury needs to hear evidence of the prior crimes in order to adequately understand the nature and context of the defendant's current conduct, so a unified trial is the answer. As we noted in *Ross v. State*, the question of a bifurcated trial arises "only in cases ... where the [defendant's] prior convictions have no relevance other than to prove the 'prior convictions' element of [felony DWI]".[17]

But in Ostlund's case, the State concedes that Ostlund's prior offenses were not relevant for any purpose other than to establish the "prior convictions" element of the felony offense. In these circumstances, what is a trial judge allowed—or obliged—to do?

*Our decision in Ross v. State*

In *Ross v. State*, 950 P.2d 587 (Alaska App.1997), we were asked to decide whether a felony DWI trial should be bifurcated, but the bifurcation issue was posed in a slightly different legal context. The defendant in *Ross* contended that a defendant's prior convictions were not an element of the offense

but, rather, a factor that enhanced the penalty for the crime.[18] Under this reasoning, the jury would *never* hear about the prior convictions—because sentencing decisions are made by the judge. Ross thus argued that evidence of his prior convictions should be presented to the judge (if the jury convicted him of the current DWI).

We rejected this construction of the felony DWI statute. Instead, we held that a defendant's prior convictions are an element of the offense, an element that must be alleged in the indictment and proved beyond a reasonable doubt at trial.[19]

At the same time, we recognized that when a defendant's prior offenses are not relevant for any purpose other than to prove the "prior convictions" element of the offense, the jury's verdict could be unfairly influenced by this evidence. In situations where evidence of the prior offenses is not needed for the jury's proper understanding of the defendant's current misconduct, evidence of those prior offenses would serve only to raise the inference prohibited by Evidence Rule 404(b)(1)—an inference of the defendant's bad character or "propensity" to drive while intoxicated.

But because the defendant's prior convictions constitute an element of felony DWI, the trial judge can not exclude all evidence of the prior convictions under Rule 404(b)(1). The jury must ultimately be made aware of the convictions so that they can reach a decision on each element of the offense. To resolve this difficulty, we recommended a bifurcated trial:

> In a bifurcated trial, the jury would first decide whether the defendant was guilty of driving while intoxicated on the date specified in the indictment; if the jury found the defendant guilty, the same jury would then decide the issue of the defendant's prior convictions. This solution would preserve both parties' right to a jury determination of all issues, while at the same time avoiding the potential for unfair prejudice

---

15.  *See id.* at 310–11.

16.  *See id.* at 312.

17.  950 P.2d 587, 591 (Alaska App.1997).

18.  *See id.* at 589–590.

19.  *Id.* at 590–91.

that would otherwise be posed by evidence of the defendant's prior convictions. Moreover, this solution works equally well regardless of whether the defendant is willing to stipulate to the prior convictions or wishes to contest them.

*Ross,* 950 P.2d at 592.

*Ostlund's case*

The trial judge in Ostlund's case was aware of our decision in *Ross,* but she noted (correctly) that our recommendation for a bifurcated trial in these situations was just that—a recommendation. The precise issue raised in *Ross* was whether a defendant's prior convictions are an element of felony DWI. Our precise holding was that the prior convictions are an element of felony DWI, and thus the jury (not the trial judge) must decide this element. Because the issue of a bifurcated trial was not directly litigated in *Ross,* we phrased our comments on this subject as a recommendation rather than a mandate. And, because our recommendation concerning a bifurcated trial was only *dictum,* Ostlund's trial judge rightly concluded that this recommendation did not bind her.

But Ostlund's case presents the bifurcation issue directly. In the superior court, Ostlund expressly asked his trial judge to bifurcate the trial (in the manner we recommended in *Ross* ), and in this appeal he directly challenges the trial judge's refusal to do so. We therefore must formulate a rule to govern these cases.

For the reasons explained above, I reach the following conclusions:

When a defendant is tried for felony DWI, and when the defendant's previous offenses have no relevance other than to prove the "prior convictions" element of the offense, a trial judge should bifurcate the trial so that the jury's deliberations on the current DWI are not unfairly prejudiced by evidence of the defendant's prior similar crimes—evidence that, in other circumstances, would be barred by Evidence Rule 404(b)(1).

If the defendant's previous offenses are relevant for some other purpose, and if the trial judge concludes (under Evidence Rule 403) that the probative value of this evidence is not outweighed by its potential for unfair

prejudice, then the trial should not be bifurcated—for, in these circumstances, the jury should be allowed to consider all of the relevant evidence as a whole.

If the answer is in doubt—if it is unclear, when the trial begins, whether evidence of the defendant's previous crimes will be admissible for a purpose other than to prove the "prior convictions" element—then a judge should err on the side of caution and initially bifurcate the trial. If the judge later decides that the defendant's offenses are admissible for another purpose, it should be relatively easy to convert the bifurcated trial to a unified trial—much easier than trying to convert a unified trial into a bifurcated one.

In Ostlund's case, his prior offenses were relevant for only one purpose—to establish the "prior convictions" element of the offense. Accordingly, the trial judge should have bifurcated Ostlund's trial when he asked for this procedure. I therefore join the decision to reverse Ostlund's convictions.